TRIMBLE and Others *v.* THE STATE, on the Relation, &c.

When a party makes admissions in the condition of a writing obligatory, he is estopped from denying, in a suit on the obligation, the facts thus admitted.

If the declaration show that the defendant is estopped to plead the facts contained in his plea, the plaintiff need not reply the estoppel but may demur.

The declaration averred the suit to be "on the relation of *Susanna H.*" to the plaintiff's damage "for the use of *Susan H.*" Breach, non-payment "to the said *Susan H.*" Held, that there was no variance.

To debt on bond, *nil debet* is a bad plea on general demurrer.

ERROR to the *Delaware* Circuit Court. The plaintiffs in error were the defendants below; and the demurrers to the pleas were general.

SULLIVAN, J.—This is an action of debt on a bastardy bond. The condition of the bond recites, that *I. W. Trimble*, one of

*Margin notes:* Nov. Term, 1837. TRIMBLE v. THE STATE. Tuesday, December 12.

Nov. Term, 1837.

TRIMBLE
v.
THE STATE.

the defendants in the Court below, was, at the *April* term of the *Delaware* Circuit Court, in the year 1832, arraigned to answer the state of *Indiana*, on the complaint. of *Susanna Hobaugh*, on a charge of bastardy; that at the said term, *Trimble* having pleaded not guilty, was found guilty by a jury impanelled to try the issue, and was adjudged to be the father of the child; that the Court thereupon entered judgment on the verdict, and ordered *Trimble* to pay to said *Susanna* the sum of 10 dollars in three months from the date of the judgment, and 20 dollars in six months from said date, and to pay the further sum of 20 dollars annually for six years in semi-annual payments, making altogether the sum of 150 dollars. The breach assigned in the declaration is, that on the fourth of *July*, 1832, the sum of 10 dollars, and on the fourth of *October*, 1832, the further sum of 20 dollars, became due and payable to the said *Susan Hobaugh* according to the condition of the bond, but the defendants or either of them have not paid the same, &c.

The defendants craved *oyer* of the bond and condition, and pleaded, 1st, that there is no record of the supposed recovery and adjudication, as is in said bond alleged; 2dly, that there is no record of the supposed recovery and adjudication in plaintiff's declaration mentioned, wherefore said writing obligatory was obtained from the defendant without any good or valuable consideration; 3dly, that said *I. W. Trimble* was not the father of the supposed bastard child in the condition of said bond specified; 4thly, that on, &c., at, &c., the said *Susan Hobaugh*, by her release in writing sealed with her seal, and which is destroyed by fire and cannot be produced here in Court, released the said defendants from all actions accruing to her use on the bond; 5thly, *nil debent*. The plaintiff demurred to the first, second, third, and fifth pleas, and, to the fourth plea, replied that the said release was not destroyed by fire in manner and form, &c.

The Court sustained the demurrer to the pleas; and the issue on the fourth plea being submitted to the Court for trial, was decided in favour of the plaintiff. Judgment was thereupon rendered, to reverse which the present writ of error is brought.

The first, second, and third pleas, deny admissions made by the defendants in the condition of the bond, which is the

foundation of the present suit. When a party makes an admission in an instrument under his hand and seal, he is estopped from disputing the facts which it recites. If a condition be to perform the covenants in an indenture, the party cannot say there is no such indenture. If a condition be to pay money for which he is bound in a particular obligation, he cannot say there is no such obligation. If a condition in a bond recite that a particular suit is depending in the Court of King's Bench, for example, the obligor is estopped from saying there is no such suit there. So, if the condition of a bond be to perform the covenants in a particular indenture, he is estopped from saying there is no such indenture. 1 Ph. Ev. 83. Com. Dig. Ev. B. 5.—1 Stark. Ev. 302. The obligors in an administration-bond, are estopped by the recital in the bond from denying the appointment of the administrator. 8 Pick. Rep. 386.—See also 3 id. 38. Numerous other cases might be cited to the same effect. See Com. Dig. "Estoppel," A. 2. But in the language of Judge *Daggett*, in the case of *Stow* v. *Wyse*, 2 Conn. Rep. 214, "without multiplying authorities upon a point rendered clear by numerous cases, it is sufficient to state, that where a party has solemnly admitted a fact by deed under his hand and seal, he is estopped not only from disputing the deed itself, but every fact which it recites." Tested by the principle laid down in the foregoing cases, the first, second, and third pleas in this record cannot be sustained. They all deny facts which the defendant has distinctly admitted in the condition of his bond.

When the declaration sets forth the bond and condition, and the matter of estoppel appears upon its face, the plaintiff need not reply the estoppel, but may demur. 1 Ch. Pl. 575. 1 Saund. Rep. *Veale* v. *Warner*, 325, note (4). If the matter of estoppel do not appear from the anterior pleadings, the replication should set it forth. *Ibid.*

The plaintiff contends, that there is a variance between the condition of the bond as set out in the declaration, and the bond and condition as set forth on oyer,—that because the judgment is rendered for the use of *Susan Hobaugh*, and the declaration avers it to be for the use of *Susanna Hobaugh*, it is defective on account of the variance. We do not think the variance material. If two names are taken promiscuously to be the same in common use, though they differ in sound, there

is no variance. 4 Bac. Abr. "Misnomer." Where two names are derived from the same source, or where one is an abbreviation or corruption of the other, but both are taken by common use to be the same, though differing in sound, the use of one for the other is not a misnomer. *Vide* 7 Am. Com. Law, 51. In the present case, the declaration commences by averring the suit to be "on the relation of *Susanna Hobaugh*," and closes to the damage of the plaintiff "for the use of *Susan Hobaugh*;" and the breach in the declaration is for not paying to the said *Susan Hobaugh*, &c. Both names are promiscuously applied to the relator in the declaration, and we think it good on general demurrer.

As to the fifth plea, there can be no doubt it is bad. The distinction between the cases in which *nil debet* may and may not be pleaded, is clearly laid down in 1 Ch. Pl. 477, 478. Where the deed is only inducement to the action, and matter of fact the foundation of it, the plea is proper; but where the deed is the foundation of the suit and the fact merely inducement, it is no sufficient plea. Thus in debt for a penalty on articles of agreement, *nil debet* is bad. So, in an action on a bail-bond, or on a bond setting out the condition and breach. These are, in principle, analogous to the present case. See *Jones* v. *Pope*, 1 Saund. Rep. 38, note (3).—*Roberts* v. *Mariett*, 2 id. 187, note (2), (1).

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*J. Rariden* and *J. S. Newman*, for the plaintiffs.

*D. Kilgore*, for the defendant.

(1) *Nil debet* to debt on bond is bad on general demurrer; but if the plaintiff, instead of demurring, accept the plea and join issue, the defendant may prove any special matter of defence, which might be proved under the same plea in debt on simple contract. Gould's Pl. 310, 311.—1 Chitt. Pl. 518, 552.