## WOODRUFF *v.* DOBBINS and Others.

In debt on a delivery-bond, a plea relying on the parol agreement of the plaintiff dispensing with the defendant's performance of the condition of the bond, is bad.

An accord cannot, in any case, be pleaded in bar, unless it be executed.

ERROR to the *Hancock* Circuit Court.

BLACKFORD, J.—This was an action of debt on a delivery-bond, the condition of which was, that *Dobbins* should deliver, at eleven o'clock on a certain day and at a certain place, a certain horse which had been levied on, &c. There

are three pleas in bar, but it is only necessary to notice the third. That plea states, that *Dobbins* was prevented by the plaintiff from delivering the horse at the time and place appointed, in this, viz., that at eight o'clock on the day fixed for the delivery, the plaintiff fraudulently represented to *Dobbins*, that there was no necessity for delivering the horse at the time and place appointed, and that he would take other property than the horse at two-thirds of its fair value in discharge of the judgment and costs; that *Dobbins* assented thereto, and tendered to the plaintiff such other property, which the plaintiff from eight o'clock till three o'clock of said day agreed to accept, but at three o'clock he refused to receive the same; and that at three o'clock of said day, *Dobbins* had the horse at the place ready to deliver, but that the sheriff was not there, &c. General demurrer to this plea, and judgment for the defendants.

The plea demurred to is insufficient. It is not a plea of accord and satisfaction, as the property agreed to be taken in discharge of the judgment and costs was not received by the plaintiff. An accord cannot, in any case, be pleaded in bar unless it be executed. Bac. Abr. tit. Accord and Satisfaction. *Allen* v. *Harris*, 1 Ld. Raym. 122. Whether if the plea had alleged the property to have been received, it would have been good, is a question not belonging to the case (1).

The plea merely sets up a parol agreement made by the plaintiff, dispensing with the defendants' performance of an agreement under seal. The law is settled that this cannot be done, because matters which are contracted for by deed cannot be dissolved except by deed. *Thompson* v. *Brown*, 7 Taunt. 656.—*Cordwent* v. *Hunt*, 8 Taunt. 596. The latter case was as follows: The plaintiff, lessee of a farm, covenanted with the defendant, his lessor, to fetch and bring all such materials as should at any time during the continuance of the term be wanted in erecting a thrashing mill; which mill the defendant covenanted with the plaintiff to erect during the continuance of the term, for the use of the lessee and the occupiers of an adjoining farm. The defendant pleaded, first, that within a reasonable time from the date of the indenture, and during the continuance of the term, he began to provide the necessary materials for erecting the

*Nov. Term, 1845.*

Woodruff
v.
Dobbins.

Nov. Term, 1845.

mill, and whilst he was so doing, the plaintiff desired him not to erect the same, but to refrain from so doing until he should be requested by the plaintiff; and, lastly, a plea of leave and license during the term. These pleas were held to be bad on special demurrer. This case, which is founded on *Thompson* v. *Brown*, above cited, is decisive of the one before us.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

(1) " There can be no *dispensation* with a contract under seal except by a release under seal. Accord and satisfaction *before breach* is therefore a bad plea in covenant, because it amounts to a dispensation. But accord and satisfaction after breach is a good plea, because the subject matter of the payment and acceptance in satisfaction is, not the covenant,—which still remains entire,—but the damages sustained by the particular breach of it for which the action is brought. So, where the cause of action does not accrue merely by the deed, but by some matter of fact, as the accrual of rent. Vide M. 7 E. 3, Fitzh. Abr. *Issue*, pl. 9 ; H. 45 E. 3, fo. 4, pl. 9 ; *Joan Thirning's case*, T. 1 H. 5, fo. 6, pl. 1 ; *Donne* v. *Cornewall*, T. 1 H. 7, fo. 14, pl. 2 ; M. 10 H. 7, fo. 4, pl. 4 ; *Blake's case*, 6 Co. Rep. 43 b ; *Alden* v. *Blague*, Cro. Jac. 99, S. C. per nom. *Eden* v. *Blake*, Noy. 110 ; *Snow* v. *Franklin*, 1 Lutw. 359, (overruling the opinion of Haughton, J., as reported in *Rabbetts* v. *Stoker*, 2 Roll. Rep. 187, but not as reported in *Robards* v. *Stoker*, Palmer, 110 ;) *Kaye* v. *Waghorne*, 1 Taunt. 430 ; *Cordwent* v. *Hunt*, 2 J. B. Moore, 660 ; *West* v. *Blakeway*, 2 Mann. & Gr. 729, 3 Scott, N. R. 199, 218 ; Com. Dig. tit. *Accord*, A 1."—Note to *May* v. *Taylor*, 6 Mann. & G. 261.