Nov. Term,
1849.

MILLER
v.
ELLIOTT.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman*, for the plaintiff.

*J. Ryman*, for the defendant.

---

## MILLER v. ELLIOTT.

In an action on a bond, a plea alleging that the defendant had not broken his said covenant in manner and form, &c., is good on general demurrer.

A plea, that the bond was executed under a mistaken impression of its legal effect made on the defendant's mind by the plaintiff, is bad.

A defendant cannot plead contradictory matter to his own bond.

A plea of leave and license, to be good, must allege the leave and license to have been given by deed.

The defendant agreed, for a valuable consideration, that if he should, after a specified time, practice medicine, &c., within certain limits, the plaintiff should recover of him 1,000 dollars as liquidated damages. The Court instructed the jury that if they found the issues of fact for the plaintiff, they must assess the damages to that amount. *Held*, that the instruction was correct.

Wednesday,
November 28.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—*Elliott* sued *Miller* in an action of debt on a bond, dated in *May*, 1842, for the payment of 1,000 dollars.

The declaration sets out the condition of the bond and assigns breaches. The condition, as shown on oyer, is as follows: "The condition of this obligation is such, that whereas the said *James H. Elliott* has this day purchased of the said *Michael F. Miller*, his real property, situate in the town of *Fairfield, Indiana*, being his residence and lots on which the same is situate, for the purpose of locating himself in the town of *Fairfield* aforesaid to practice medicine, surgery, and obstetrics; and whereas the said *Michael F. Miller*, in consideration of said purchase, has agreed not to practice medicine, surgery, or obstetrics in the said town of *Fairfield*, or within the limits of fifteen miles thereof, either by himself,

agent, or otherwise: Now, should the said *Michael F.* *Miller* not practice medicine, surgery, or obstetrics, or any or either of them, from and after the 10th day of *June,* 1842, in the said town of *Fairfield*, or within the limits of fifteen miles thereof, either by himself, or agent, then this obligation to be void and of no effect, otherwise to be and remain in full force and virtue; and the said *James H. Elliott* to recover the sum of 1,000 dollars of the said *Michael F. Miller*, as liquidated damages, upon the breach of the condition of the above obligation or any part thereof."

The breaches assigned are, that, on the 20th of *June,* 1842, and continually from thence hitherto, he, the defendant, has regularly carried on and practised medicine, surgery, and obstetrics, within fifteen miles of the said town of *Fairfield*.

The declaration concludes as follows: By reason of which said breaches, the said writing obligatory became forfeited, and an action accrued to the plaintiff to demand and have of and from the defendant the said sum of 1,000 dollars above demanded. Yet the defendant, though often requested so to do, has not paid, &c.

There were sixteen pleas. The second was a plea, that the bond was obtained by fraud, and the third was a plea of no consideration. The seventh, thirteenth, fourteenth, and sixteenth pleas were set aside. The pleas which were set aside, and the fifteenth plea, are not in the transcript, and no question arises respecting them. The first, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, and twelfth pleas, were demurred to generally, and the demurrers sustained. On the second and third pleas there were issues in fact. Verdict for the plaintiff for 1,000 dollars, and judgment on the verdict.

The first plea alleges that the defendant had not broken his said covenant in manner and form as the plaintiff had above thereof complained against him; concluding to the country. We think that, upon the authority of the case of *The State v. Scott et al.*, 6 Blackf. 263, the demurrer to this plea (the demurrer being general)

Nov. Term,
1849.

MILLER
v.
ELLIOTT.

should have been overruled. The plea is a substantial denial of the breaches.

The fourth plea states that the bond was executed under a mistaken impression of its legal effect, made on the defendant's mind by the plaintiff. This is a bad plea. *Russell et al.* v. *Branham et al.*, 8 Blackf. 277.

The fifth plea states, that the defendant sold his real property in *Fairfield* to the plaintiff for 510 dollars, and that in consideration therefor, and in consideration of the execution of said writing obligatory by the defendant, the plaintiff agreed to pay the defendant said 510 dollars, as follows, to-wit, 110 dollars in hand, 100 dollars on or before the 25th of *December*, 1842, and 300 dollars on or before the 25th of *December*, 1843; and that it was further agreed, in consideration aforesaid, by and between the parties that, on the plaintiff's failure to pay either of said sums of money at the time the same became due, the bond should be void. Averment, that the plaintiff did not pay said sums of money or any part thereof when the same became due, but wholly neglected and refused to pay the same or any part thereof.

According to this fifth plea, the bond sued on was given not only in consideration of the plaintiff's purchase of the *Fairfield* property, but also in consideration of his punctual payment of the price as the instalments became due. But, according to the bond, it was the purchase of the property, not both the purchase and the punctual payment of the price, that was the consideration of the bond. The contract, therefore, as described in the plea, was a different one from that described in the bond. But the defendant cannot be allowed thus to contradict the statements in his own bond He is estopped by the bond from setting up such contradictory matter; and as the matter of estoppel appears on the face of the declaration, the plaintiff may take advantage of it on demurrer to the plea. *Trimble et al.* v. *The State*, 4 Blackf. 435.— *Love* v. *Kidwell et al*, id. 553.—*Beckett* v. *Bradley*, 7 Mann. & Gr. 994.

The sixth, eighth, tenth, and eleventh pleas, are liable to the same objection with the fifth.

The ninth plea is a plea of leave and license, not alleging the leave and license to have been given by deed. That plea cannot be sustained. The following case is against it: Debt on bond, whereof the condition (after reciting that the defendant had, by indenture between the parties, for the considerations therein mentioned, sold and assigned to the plaintiff a lease, &c., of the messuage and premises thereby demised, situate in *Tottenham* court road, then in the defendant's occupation, &c.), was, that the defendant should not at any time or times thereafter, &c., open, keep, hold, or maintain, &c., a shop in the chandlery line, or as a general shop-keeper, or dealer in coals, wholesale or retail, or otherwise, in *Tottenham* court road, or within the distance of three quarters of a mile from the said shop and premises in *Tottenham* court road aforesaid. Breach, that the defendant did, on his own account, open, hold, keep, and maintain a shop as a dealer in coals in *Tottenham* court road, within the distance of three quarters of a mile from the said shop and premises. The defendant pleaded that he, the defendant, by the leave and license of the plaintiff, did, on his own account, open, hold, keep, and maintain a shop, as a dealer in coals, in *Tottenham* court road aforesaid, within the distance of three quarters of a mile from the said shop and premises. Demurrer to the plea. *Dallas*, Chief Justice, said: " We have not a grain of doubt upon this case. To argue with effect, the defendant must contend that a covenant, that is, an obligation by deed, can be discharged without deed by license in writing. *Braddick* v. *Thompson*, 8 East, 344, is in point; and *Thompson* v. *Brown*, 7 Taunt. 656, lately decided in this Court, governs the present case." Judgment for the plaintiff. *Sellers* v. *Bickford*, 8 Taunt. 31. The same principle is recognised by this Court in *Woodruff* v. *Dobbins et al.*, 7 Blackf. 582.

The twelfth plea alleges that the bond was not understood by the parties as obliging the defendant, in case of a breach, to pay 1,000 dollars as liquidated damages; and

that the plaintiff had not been damnified by the defendant's practice of medicine. This plea is too plainly bad to require any further notice.

The defendant objects to the declaration, on the ground that the assignment of breaches is too general; we think, however, that the assignment is, in substance, sufficient.

The next question in the case, arises from an instruction of the Court to the jury, which was objected to by the defendant. That instruction was, that if the jury should find the issues in fact for the plaintiff, they must assess the damages at 1,000 dollars. This instruction is unobjectionable. Here the defendant agreed, for a valuable consideration, that if he should, after a specified time, practice medicine, &c., within certain limits, the plaintiff should recover of him 1,000 dollars as liquidated damages. There is nothing in the case to show that the parties did not intend that which is thus so clearly expressed. There is a late case very similar to this. It was a suit on a covenant not to carry on a certain business within certain bounds; and the defendant, for his observance of the covenant, bound himself to the plaintiff in the sum of 5,000*l.*, as and by way of liquidated damages and not of penalty. It was held that, in case of a breach, the plaintiff was entitled to the 5,000*l.* *Parke*, B., said: "The principle is, that although the parties may have used the term 'liquidated damages,' yet if the Court can see, upon the whole of the instrument taken together, that there was no intention that the entire sum should be paid absolutely on non-performance of any of the stipulations of the deed, they will reject the words, and consider it as being in the nature of a penalty only. In *Kemble* v. *Farren*, 6 Bingh. 141, there was a stipulation that the plaintiff should pay the defendant 3*l.* 6*s.* 8*d.* during every night that the theater should be open for performance; and the object of the deed was to secure the defendant's performing regularly; and there the Court rejected the words 'liquidated damages,' because it was absurd to suppose that the parties intended the whole sum of 1,000*l.* to be payable by the plaintiff, if he

once omitted to pay the defendant his 3*l.* 6*s.* 8*d.* But
here there is a distinct agreement by the defendant to
pay the sum of 5,000*l.*, if he sets up in business in any
place within the prohibited limits.   The parties stipulate,
in cases of this kind, for the payment of a certain sum
of money absolutely, from the difficulty of ascertaining
the precise amount of the damage they may suffer from
a breach of the covenant."   *Green* v. *Price*, 13 Mees. &
Welsb. 695.   There is a still later case to the same point.
*Sainter* v. *Ferguson*, Eng. Court of Comm. Pleas, *April*,
1849.—7 New York Leg. Obs. 198.   See, also, *Hamilton*
v. *Overton et al.*, 6 Blackf. 206, where the same doctrine
is recognized.

We have now examined the material questions raised
in this cause.   There is but one error in the proceedings;
and that is, the sustaining of the demurrer to the first
plea.   That plea, which was a denial of the breaches,
would have obliged the plaintiff to prove one of the
breaches, at least, before he could recover.   The pleas
of fraud and of no consideration, upon the issues on
which the cause was tried, admitted the breaches.   It
must be presumed, therefore, that the defendant was in-
jured by the erroneous judgment against the validity of
his first plea.

*Per Curiam.*—The judgment is reversed.   Cause re-
manded for further proceedings not inconsistent with this
opinion.   Costs.

*G. Holland*, for the plaintiff.

*J. Ryman*, for the defendant.