## Case No. 6.

### ABBE v. ROOD.

[6 McLean, 106.][1]

Circuit Court, D. Michigan. June, 1854.

PRINCIPAL AND AGENT—RATIFICATION—WITNESSES —CREDIBILITY.

1. When an agent exceeds his powers in the adjustment of a controversy, his principals, in a reasonable time, after a knowledge of it, should repudiate it. If this be not done, the principals may become bound.

[Cited in Feild v. Farrington, 10 Wall. (77 U. S.) 148.]

2. If an agent entered into an arrangement notifying the debtor that he would submit it to the creditor for his ratification, unless he shall ratify it, there is no binding obligation.

3. When witnesses contradict each other in a material fact, a jury will consider which of the witnesses, from the circumstances connected with the transaction, would be most likely to know and recollect the facts.

4. A witness who swears that a certain thing was said or done, is entitled to greater weight than a witness who said he did not hear the remark or witness the act. The one is positive, the other negative; and both may be true, on the supposition that the first witness swears truly.

[At law. Action by Abbe & Colt against Rood & Rood on two promissory notes. Verdict and judgment for plaintiffs.]

Mr. Lathrop, for plaintiffs.

Vandyke & Grey, for defendants.

OPINION OF THE COURT. This action is brought on two promissory notes. The signatures on both notes were erased, and they were offered in evidence without proof of their execution, as by the pleading they were not denied. But the court held that the notes could not be read without accounting for the erasures. A witness was called, who stated that the notes were sent to him as also the account, as counsel, for collection. Being unwell, he sent the notes to Mather & Taft, counsel at Niles. At that time, the signatures to the notes were not erased. On this evidence, the notes and the account were again offered in evidence. The account was receipted, and, as before stated, the signatures of the notes were erased. But the court refused to admit them, because it was not shown under what circumstances the signatures were erased, and the receipt of the account given. A deposition was then read, showing that a settlement was made, and that the defendants agreed to pay fifty cents

---

[1][Reported by Hon. John McLean, Circuit Justice.]

on the dollar; that on this agreement being entered into, the signatures on the notes were erased and the account was receipted. The agent, Smith, alleged, that the counsel at Niles, never having been so instructed, had no power, as counsel, to compromise on the payment of a part of the debt. And this is undoubtedly the true view. Counsel may refer suit to arbitrators, but they have no power to discharge the debt on the payment of a part of it, unless specially authorized. Smith, the agent, was dissatisfied with the compromise, as the payment of the notes of the defendants was not secured. He proposed to take one half the debt on certain payments, and to retain these notes until half of their amount was paid. The defendants refused to sign the agreement. This suit was then brought.

Mr. Smith, agent of the plaintiffs, was called as a witness, he being contradicted by another witness. Objection being made, the court said the witness might be examined as to any matter of explanation; but that he could not be called to re-affirm what at first he stated. The counsel for the plaintiffs contended that the defendants knew that Smith acted as agent, and must have known that if he went beyond his authority he could not bind his principal, and that the acceptance of a security for a less sum would not discharge a debt for a, larger amount. This principle is undoubted, unless the agent acts under a special authority.—[Fitch v. Sutton,] 5 East, 230; [Down v. Hatcher,] 10 Adol. & E. 121. A payment of a part, and an acquittance under seal in full satisfaction of the whole is sufficient, as the deed amounts to an acquittance. Accord and satisfaction cannot be pleaded unless executed. As an accord there must be an acceptance. [Woodruff v. Dobbins,] 7 Blackf. 582.

The court instructed the jury, that if the principal have knowledge of the agent's acts and do not repudiate them in a reasonable time, they will stand. If the contract be repudiated, the parties must be placed in the condition in which they stood before it was entered into; the notes given on the compromise should have been returned.

Where an agent does an unauthorized act, as the compromise of a debt, and the acts of compromise are known to the principal, who makes no objection, this acquiescence will bind him. Story, Ag. § 255. This presumption of the acquiescence of the principal does not arise, unless it be shown that he had full knowledge of the transaction. It is laid down in many authorities, that money or notes for a less sum discharges the debt, if received in payment. [Cumber v. Wane,] 1 Smith, Lead. Cas. 607. 618, 630; [Sibree v. Tripp,] 15 Mees. & W. 22–31, it was held, that negotiable notes may be pleaded in payment, when given in payment of a larger amount.

The original agreement of compromise was as follows:—Whereas, H. W. Rood & Co., of Niles, Michigan, being indebted to Messrs. Gilbert, Prentiss & Tuttle, of New York, in the sum of $1245,57; and they are also indebted to Messrs. Abbe & Colt of said city, in the sum of $1263,54; and also to the late firm of Colgate, Abbott & Co., in the sum of $2111,56; and, whereas, the said Roods being unable to pay the sum in full, I have agreed in behalf of said firm to settle and compromise said debts, for fifty cents on the dollar, twenty per cent. thereof, N. P. Stuart agrees to pay in cash, for which I have taken his note, payable in thirty days, at the Michigan State Bank of Detroit, with interest; and the balance of thirty per cent. said Roods are to give other notes in equal parts payable in one, two and three years, with interest. If said twenty per cent. be paid, and they give their notes for the balance as above, then I agree to deliver up to them the notes for the said sums above specified, and the fifty per cent. to be in full therefor. Dated at Toledo, Nov. 10th, 1852, signed by E. J. Smith, who put also the other signatures to the agreement, all in his hand writing.

The notes were forwarded to Mather & Taft, lawyers of Niles, for collection, and they made the above arrangement, which Smith repudiated, having given them, as he alleges, no authority to make. The notes taken by Mather & Taft were returned to them by Smith. Mr. Smith states, that when he entered into this writing he informed the debtors that he was not authorized to make it; but that he would enter into it, and see whether his principals would sanction it. Mr. Stuart, witness called by the defendants, stated that he heard no reservation made by Smith, as to any want of authority; and that he was present when the arrangement was made. As these witnesses contradict each other, gentlemen, you are to judge of their credibility. And in doing this, they being respectable persons, you will consider who had the best opportunity of knowing what transpired at the time of the supposed compromise. And in this view it must be admitted, that Smith had a better opportunity of knowing and consequently of recollecting the facts which transpired. He was the agent of the principals, and he entered into the compromise; and he swears that he informed the parties that he was not authorized to make it, but would submit it to his principals for their approval. This condition was not heard by Mr. Stuart. The statement of the one witness is, that a fact did transpire, and of the other, that he did not hear the condition stated. The one is positive, the other negative. Now, where the witnesses are equally respectable, and one swears positively to a fact, and the other negatively, that he did not hear the condition, the weight of evidence will be with the one who affirms the fact, as his statement may be true and the statement of the other also; for though the condition was spoken

of, the other witness may not have heard it.

On the supposition that the statement of Smith be true, and the jury should so find, then their enquiry will be, did the principals repudiate the agreement of their agent, within a reasonable time after they came to a full knowledge of it.

The jury will first inquire whether the agreement set up in defense was made by competent authority. The agent who made it says he had no such authority. The paper purporting to contain the agreement is all in the hand writing of Smith, and he received Stuart's check for $940 as part performance of the agreement. This check was payable some thirty days or more after its date. Under this paper, it is presumed that Mather and Taft made the arrangement or compromise with the defendants. This paper did not authorize these counsel to make the adjustment. But Smith offered to confirm the compromise, if the defendants would consent that the original notes should remain in his hands. When first informed of the compromise, Smith objected to it, returned the new notes given and the agreement. Upon the whole, gentlemen, if you shall find that Smith was not authorized to make the compromise, as he has sworn, and also that his principals were dissatisfied with it, and that this fact was made known to the defendants, it will be your duty to find for the plaintiff on the original causes of action, and assess their damages accordingly. The jury found for the plaintiffs—for the original notes and interest—and also on the accounts. As the plaintiffs recovered on the original ground of action, and not under the compromise, the money paid by Stuart in part performance of the compromise, should be returned to him, by Smith, the agent, unless it shall be made to appear, that the money so paid is the money of the defendants. And the court orders that no execution shall be issued on the judgment, until said sum of money shall be returned to Stuart, or satisfactory proof adduced that it is the money of the defendants; and if so shown. it should be entered as a credit on the judgment.