## YEATON v. HAINES.

Where the condition of a bond recited that the obligor had agreed to sell certain lands to the obligee for $850, and that the obligee had delivered to the obligor his note for that sum, payable, $100 in six months, and the remainder in payments of $100 annually, till all should be paid, with interest annually after one year ; and provided that if the obligee should " pay $450 of said note, and the interest thereon as the same should fall due during all the time until the sum of $450 should be paid," and should tender to the obligor a mortgage of the lands, to secure the residue of the note, the obligor should convey the lands to the obligee : and a bill in equity was brought by the obligee, averring his performance of the conditions, and praying for a specific performance by the obligor—*Held*, that the latter could not, for the purpose of defeating the suit, show, by his answer, that no such note, but a different one, was given at the time of the execution of the bond, to alter its condition : —

*Held*, also, that the amount to be tendered to entitle the obligee to a deed, was $450, and the interest until the payment or tender of the $450, and not until the tender of the mortgage :—

*Held*, also, that, the condition of the bond not appearing to have been modified, the tender of a mortgage following its terms was sufficient.

The plaintiff had paid the $450, and the interest, on the 13th day of March, 1855, but did not tender the mortgage until April 11, 1859, just before the commencement of his suit ; and the court refused to extend the time for the payment of the note, or to limit the interest.

In Equity. The bill alleges that, September 20, 1850, the plaintiff bargained for a certain described tract of land, in the town of Greenland, for $850, to be .paid to the defendant, or order, as follows : " $100 in six months from September 20, 1850, and the remainder in payments of $100 annually, till the whole should be paid, with interest annually after one year ;" that on the same day he gave the defendant his note of that date for $850, payable as above, and the defendant gave to the plaintiff his bond of the same date for a deed. By a copy of the bond, which is made part of the bill, it appears that the condition, after reciting that the defendant had agreed to sell the land as above stated, and that the plaintiff had made and delivered to the defendant his note of even date for $850, payable as above set forth, proceeded thus : " Now if said Yeaton shall well and truly pay $450 of said note, and the interest thereon as the same falls due, during all the time until the sum of $450 be paid, and shall make and execute a good valid mortgage deed to secure the payment of the remainder of the note, of the premises, the said Haines agrees to make, execute and deliver to said Yeaton a good warrantee deed of said described real estate on demand, after the payment of said $450 and interest on said note as the same falls due, and the tender by said Yeaton of his said mortgage deed to secure the payment of the remainder of said note ; and it is agreed by said Haines that said Yeaton shall take immediate possession of said premises, and hold the same until default of payment of principal or interest named in said note : Now if said Haines shall well and truly keep his above agreement according to the true meaning of this obligation, then this obligation shall be void, otherwise," &c. The bill alleges that the plaintiff thereupon took and has ever since had possession of the land ; that on the 13th day of March, 1855, he had paid to the defendant $450 of the note and the interest on the note, as it fell due, up to

that time, and it specifies the dates and amounts of the payments; it alleges that afterward, on the same day, and again on the 11th day of April, 1859, the plaintiff tendered to the defendant a mortgage of the land in conformity to the bond (which mortgage it alleges is produced in court to be delivered to the defendant when and as the court shall order), and on each occasion demanded of the defendant a warrantee deed of the land according to the terms and conditions of the bond; that the defendant, intending to injure and defraud the plaintiff, at those times refused, and ever since March 13, 1855, has refused and still refuses to execute and deliver such deed, and threatens to reënter the land and hold both it and the money paid by the plaintiff. It prays that the defendant may be enjoined from reëntering till after an account of the plaintiff's payments and interest, and of the rent after deducting taxes, repairs, &c.; for such an account, and a payment by the defendant to the plaintiff of the balance that may be struck thereon; and that upon such payment the plaintiff may be required to yield the possession of the land to the defendant, which, it is alleged, he will freely do; or that the defendant may be ordered to execute and deliver to the plaintiff a good warrantee deed of the land upon the delivery to him of the mortgage, which is alleged to be brought into court to be delivered as the court shall order; and that the plaintiff may have the same time after the delivery of the deed to him to pay the remainder of his note, as by the terms of the bond and note he was entitled to have after March 13, 1855; and that it be decreed that the defendant cast no interest on the note from March 13, 1855, to the time of the delivery of the deed; and that the defendant specifically perform his agreement, as the plaintiff "is ready and willing ·to perform his part of said contract or agreement"; and for general relief.

The answer admits of the execution of the bond, and that the defendant sent it to the plaintiff on the 20th day of September, 1850; it denies that the plaintiff ever gave or sent the defendant such a note as is described in the condition of the bond, but "admits" that after sending the bond the defendant received from him his note, dated September 20, 1850, for $850, payable to the defendant, or order, on demand, within eight years, with interest annually, after one year; and avers that he does not remember noticing or knowing that the note did not conform to the description in the bond till advised that the note described in the mortgage tendered April 11, 1859, did not correspond with the one he had received; it admits the plaintiff's possession of the land, as alleged in the bill, and the several payments there stated, except that the date of the sixth payment was October 23, 1854, instead of October 6, 1854, and alleges that the defendant indorsed them on the note at their dates; it avers that to the best of the defendant's knowledge, &c., the plaintiff, in making these payments, did not "pay $450 of said note described in the bond, and the interest thereon," &c.; it denies the alleged tender and demand on March 13, 1855, and "denies that the defendant then, or at any time thereafterward, withheld from said Yeaton said warrantee deed with the intent and for the

purpose of injuring and defrauding him, but was then and there, ever after, and is now ready and willing" to execute and deliver the deed when the plaintiff " shall have performed his part of the agreement according to the true meaning of said bond, or shall pay the balance due upon" his note now held by the defendant; it admits the plaintiff's tender of the mortgage on the 11th day of April, 1859, but denies that it was "in conformity to the true intent and meaning of the bond, or covered or secured the note sent to the plaintiff as aforesaid;" and it admits the demand of a deed on said 11th day of April, as alleged in the bill.

A replication was made, and several papers, not material to be stated, were put in evidence. The mortgage tendered was duly filed in court by the plaintiff.

*W. H. Y. Hackett*, for the plaintiff.

*Jordan & Rollins*, for the defendant.

BARTLETT, J.   As the plaintiff has not attempted to rescind his contract with the defendant, and now declares his willingness to perform it, we need not consider his prayer for the repayment of any balance that might be found due upon an account.   The defendant by his answer denies the receipt of such a note as is described in the bond, but alleges that after the execution of the bond he received from the plaintiff a note for $850, payable on demand within eight years, with interest annually.   If the recital of the note's description in the bond is material, the defendant is estopped in this case to deny that he received such a note.   2 Smith's L. C. 457 ; 4 Com. Dig., Estoppel, A, 2 ; 1 Greenl. Ev., sec. 26 ; Met. Yelv. 227, n ; *Trimble* v. *The State*, 4 Blackf. 436 ; 1 Saund. Pl. & Ev. 42.   If it is not material it is equally immaterial whether the plaintiff in fact received a note of that precise description.   We think the condition of the bond substantially fixes the amount and the terms of the payment which the plaintiff must make to entitle himself to a deed.   *Buffum* v. *Buffum*, 11 N. H. 457.   The defendant can not, by his answer, for the purpose of defeating this suit, show that a different note was given at the time of the execution of the bond, to alter its condition.   If the allegations of the answer were susceptible of being regarded as the statement of a subsequent agreement substituted for the original contract in this respect, still in the absence of proof the court could not find in this case that such was the fact.   *Miles* v. *Miles*, 32 N. H. 147 ; *Busby* v. *Little-field*, 33 N. H. 85 ; 3 Greenl. Ev., sec. 288.   We need not, therefore, consider the effect of the defendant's delay to object, or of his repeated acceptance of payments upon such other note, if it were in fact given.   The plaintiff has complied with the condition of his bond as to the payment of $450 and the interest.   The date of the sixth payment is not material here, for taking either statement as correct, we find that on the 13th day of March, 1855, the plaintiff had paid all the interest then due, and $450 of the principal.   Taking the whole condition of the bond together, we think he was required

only to make such a payment, to entitle himself to a deed upon the tender of the mortgage.   The amount required to be paid was $450 and interest, " as the same falls due, during all the time until the sum of $450" should " be paid," and not until the mortgage should be tendered.   And we must deem the subsequent more general language of the bond limited by this precise statement.   If the plaintiff had tendered the mortgage on the 13th day of March, 1855, he would have then been entitled to his deed.   His delay to make the tender and demand is not shown to have prejudiced the defendant.   Indeed the defendant now declares his willingness to execute the deed if the plaintiff will pay the sum remaining due upon the note now held by the defendant; but such payment was not made by the bond a condition of the execution of the deed. The plaintiff must prevail if his tender of the mortgage was sufficient, and we think it was, for the mortgage follows strictly the condition of the bond, which is not shown to have been modified. Perhaps the defendant may find less difficulty than he apprehends, from the form of the condition of the mortgage, even if the note be as he asserts; *Boody* v. *Davis*, 20 N. H. 140; *Robertson* v. *Stark*, 15 N. H. 109; *Webb* v. *Stone*, 24 N. H. 287; *Johns* v. *Church*, 12 Pick. 560; 1 Hill. Mort. 291; *Melvin* v. *Fellows*, 33 N. H. 402; 4 Phill. Ev. (C. & H.) 521; but upon this point it is unnecessary to express any opinion.   We see no reason to grant the plaintiff's prayer for an extension of the time for payment of the remainder of the note, or for limitation of the interest.   The plaintiff might have tendered the mortgage in March, 1855, which, upon the denial of the answer, we must take it he did not do, and in that case he might at once have proceeded to enforce his rights if the defendant refused to execute the deed.   Now he is compelled only to pay the amount fixed by the contract, according to its terms.   As the plaintiff's mortgage is filed in court ready to be delivered to the defendant, and will be operative by estoppel, when the title shall have vested in the plaintiff, a decree must be entered in favor of the plaintiff for the specific performance by the defendant of his agreement to execute a deed as set forth in the bond, and for costs.