## HALL v. SMITH et al.

1. REPLEVIN BOND: ACTION THEREON. The defendant in an action of replevin, may recover his damages in the main action, or he may maintain a separate action therefor on the bond.

2. PRACTICE: WHO MAY DISMISS AN ACTION. The plaintiff in an action of replevin can not dismiss the action without the consent of the defendant. Such consent, when given, does not waive the right of defendant to maintain an action on the bond.

3. ACCORD AND SATISFACTION. A second agreement between the parties to a former debt or contract, relating thereto, which is itself a satisfaction for such debt or contract, is an accord and satisfaction. A second agreement which stipulates the terms upon which a former debt or contract shall be satisfied, does not operate as an accord and satisfaction, unless performed.

Hall v. Smith et al.

Stockton, J., dissenting, held that the agreement in the case at bar did operate as an accord and satisfaction.

*Appeal from Polk District Court.*

Tuesday, November 8.

Plaintiff sues upon a replevin bond, given by Smith as principal, and Bates and Phillips as sureties. Defendants set up, and there was evidence tending to show, that the action of replevin was dismissed by agreement of the parties upon the promise of Bates to pay to Hall the sum of one thousand dollars, sometime during the ensuing fall, but there was no proof that he paid the same.

Plaintiff asked the following among other instructions: "That an agreement to settle a suit by the payment of a certain sum at a future time, can not operate as a release of either principal or sureties upon the replevin bond, unless said agreement was fully executed." This was refused, and the jury, on defendants' motion, were instructed "that if they found that the suit in replevin was dismissed or discontinued *by consent of plaintiff herein,* they must find for defendants." Verdict and judgment for defendants, and plaintiff appeals.

*Cole & Jewett* and *S. V. White* for the appellant.

*Bates & Phillips* for the appellee, argued: 1. The dismissal of the replevin suit was a consideration sufficient to sustain the contract, 2 Denio 189; *Metler* v. *Drake,* 1 Caines' R. 45; *Powell* v. *Brown,* 3 John. 100; *Stewart* v. *McGuire,* 1 Cow. 99; *Richardson* v. *Brown,* 1 Cow. 237; *Etting* v. *Vanderling,* 4 John. 237. 2. That the motion for judgment *non obstante veredicto* was properly overruled, because it was not filed until after judgment was rendered, *The State* v. *Commercial Bank,* 6 Smed. & Marsh. 218; 3, Such motions are founded on the record alone, *Snow* v. *Conant,* 8 Ver. 309; *Smith* v. *Smith,* 2 Wend. 624; and is only allowed

when the plea confesses the action and entirely fails to avoid it, *Berry* v. *Border*, 7 Blackf. 334; *Pomeroy* v. *Burnett*, 8 Ib. 142.

WRIGHT, C. J.—The condition of the bond in a replevin action is, that the plaintiff therein shall appear at the return term of the process, prosecute his suit to judgment, and return the property if a return shall be awarded him. If he fails to thus prosecute his suit, the defendant recovers such damages as he may prove himself entitled to, and this he may have judgment for in the trial of the action which determines the right of possession, or he may resort to his remedy on the bond. And so if the action is dismissed or discontinued with or without the consent of the defendant, he may sue upon the bond and recover his damages, including the value of the property, (if his,) taken from him by the writ. In such a case there would be a clear failure on the part of the plaintiff to prosecute his suit to judgment. The undertaking of the obligors in the bond, is not only that the plaintiff shall prosecute his suit to judgment, but that he shall maintain his claim or prosecute it to a favorable result. If the defendant does *not* consent to the discontinuance or dismissal, of course he would not be precluded from suing on the bond. If he *consents* to such discontinuace, in the sense that he makes no objection or assents to it, in no manner compromising or waiving his right of action on the bond, then his remedy still remains. The plaintiff could not, without the defendants' consent, dismiss the action, so as to deprive him of his right then to have his damages assessed and return of the property awarded. If he does consent, and the discontinuance is entered, the case stands as if both parties had, for the time being, waived their respective rights, and they are left just as if there had been no consent. From this view of the law it follows that the instruction given is erroneous, unless when taken in connection with all the circumstances of the case, the word *consent* shall be construed as including an agreement to discontinue for the

consideration and upon the contract refered to in the instruction asked and refused.

In our opinion it cannot mean this, but means only what the language used fairly imports. But suppose we have limited its meaning too narrowly, let us then inquire into the effect of the agreement set up, and how far it goes to defeat the present action.

An accord and satisfaction arises, where there is another agreement between the parties, which is itself the satisfaction for the debt or former contract, or when such second agreement has been executed and performed. This is the statement of the general rule. The exceptions and modifications to it we need not at present notice. Where the new or second undertaking has been performed and this performance accepted, there will usually be but little if any difficulty in determining that the satisfaction is complete. In this case it is not claimed that there was any such performance, and the question is whether the new promise itself is to have the effect of satisfying the original claim or of taking away the remedy on the bond.

Mr. Parsons says, that a promise without execution is no satisfaction unless by express agreement it had this effect. And again, it is said that the promisee may sue on the original cause of action, unless by the tenor or the legal effect of the new contract, the new promise is itself a satisfaction and an extinction of the old one. 2 Parsons on Cont. 196, 199, 194, note *s*; 5 Term R. 513; 13 M. & W. 63, "It," says Redfield. J,. in *Babcock* v. *Hawkins* 23, Verm 561, "is ordinarily a question of intention, and should be evidenced by some express agreement to that effect, or by some unequivocal act evidencing such a purpose." In that case this intent was shown by executing a receipt in full to settle all book accounts to that date, including that sued on. So in arriving at the intention courts will assertain whether the second agreement is founded upon a new consideration, whether the promisee has surrendered or retained the evidence upon which to maintain his former remedy, whether any securities

Hall v. Smith et al.

have been given up, whether a release or receipt has been executed, whether the new contract is of a higher grade than the old. These and similar considerations are to have weight in determining the intention of the parties.

In this case we do not understand either the answer or proof to go to the extent above laid down. The mere agreement of Bates to pay a thousand dollars, remaining unperformed, without further proof that this agreement was to be received in satisfaction of the plaintiff's remedy against the obligors in the bond for the failure of the principal to prosecute his action, will not extinguish the old or original demand.

Judgment Reversed.

STOCKTON, J. *dissenting.*—The defendants answered that before the replevin suit came to trial, the plaintiff and the defendants settled all matters in dispute between them in relation to the property replevied; and that by the terms of the settlement, the suit was to be dismissed; the defendant, Smith, was to keep the property and pay the plaintiff a sum of money which he avers he has always been and is still willing to pay, according to agreement; and that by virtue of this settlement and agreement the suit was dismissed.

Upon the trial, the evidence tended to show that the replevin suit was settled by the parties before trial, and dismissed at plaintiff's costs, upon the agreement of Curtis Bates, one of defendants, and one of the sureties in the bond now sued on, to pay to Hall the sum of one thousand dollars. The court charged the jury, that "if it was agreed between the parties to the replevin suit that the same should be dismissed, and it was dismissed by consent of the present plaintiff, that such agreement and dismissal of the suit operated to release the sureties on the bond, and the jury must find for the defendants."

I think the court ruled correctly in this instruction to the jury. If the suit was dismissed by agreement of parties, it was a legitimate inference that such dismissal was the result of a settlement between them, of the matters in dispute, and of the question of the ownership and possession of the property replevied. In such case the right of action on the bond is discharged, and the sureties released. The principal was no longer required to prosecute the suit to judgment.

When the court, therefore, told the jury, that "if the replevin suit was dismissed or discontinued by the consent of the plaintiff, (Hall,) they must find for the defendants," the instruction is to be taken in connection with the evidence given in the cause, that the suit in replevin was settled and dismissed by agreement of parties, upon the promise to pay to Hall the sum of one thousand dollars. In connection with this evidence and the previous instruction of the court, I do not think the jury could have been led to suppose that the simple disposal of the suit, even though with the consent of Hall, was a release of the sureties of the bond, provided there had been no settlement by the parties of the matters in dispute between them, resulting in such dismissal. If the suit was dismissed by virtue of, or in accordance with such settlement and agreement of the parties, and the plaintiff was thereby relieved from the obligation of his bond to prosecute the suit to judgment, the sureties were released. The failure to pay the thousand dollars, according to the terms of the settlement, does not remit the present plaintiff to his action on the bond; that is to be considered as discharged, and is not revived by the failure to pay as agreed. Whether the plantiff may or may not sue for the recovery of the property, I give no opinion, but I have felt constrained thus to express my dissent from the judgment of the court.