Fagg v. Hambel & Hall.

## FAGG v. HAMBEL & HALL.

1. **Contract:** CONSIDERATION. A promise by a creditor of a firm to release one partner and hold his copartners for the payment of the debt, is not supported by a consideration when the partner claiming the discharge parted with no security, and did not act upon the promise to release.

*Appeal from Boone District Court.*

THURSDAY, JUNE 28.

ACCORD AND SATISFACTION : CONSIDERATION. — Plaintiffs sue F. M. Hall, Wm. Van Winkle and Francis Wheeler, late partners under the style of Van Winkle &

Co., for $190.80, for thirteen hogs sold and delivered November 18, 1865. Hall alone answers.

1. In denial.

2. That the hogs were sold to Wheeler individually.

3. As follows:

"3. And this defendant, further answering, says, that on or about the 1st day of December, 1865, the firm of Van Winkle & Co., composed of William Van Winkle, Frank Wheeler and this defendant, was dissolved by mutual consent; that at the time of the dissolution all of the hogs purchased by Wheeler of the plaintiffs, as stated in the above count, No. 2, were then on hand, and that the said Van Winkle & Wheeler continued to carry on the business of the late firm of Van Winkle & Wheeler, to wit, butchering, and at the time of the dissolution as aforesaid, it was agreed by said Van Winkle & Wheeler that they would pay and discharge all claims, demands and debts, or obligations, of every nature, against the firm of Van Winkle & Co., and release this defendant from all liability thereon; and that, in pursuance of said agreement, they, the said Van Winkle & Wheeler, went to the plaintiffs and informed them of the agreement and their undertakings, and the said plaintiffs then and there released this defendant from all liability to them on any account, and particularly from any liability on account of hogs sold, for which they now sue; and then and there agreed to look to the said Van Winkle & Wheeler alone for the pay for said hogs, and said Wheeler & Van Winkle then and there promised and undertook to pay for said hogs, and the plaintiffs did then charge the same to them and release this defendant, in consideration of said new undertaking and promise of said Wheeler & Van Winkle, and this defendant thereby fully paid to them, was discharged from any debt he might be owing them, if anything; that the said Van Winkle & Wheeler were then perfectly solvent, and were able to pay,

and then had in their possession all the hogs said Wheeler bought of them, but that since then they have become insolvent, and these plaintiffs now seek to charge the same to this defendant."

Plaintiffs demurred to the third count of the answer above copied, and this demurrer was sustained, and the defendant, Hall, excepted and appeals.

He assigns as error the ruling of the court sustaining the demurrer. A trial on the other issues resulted in favor of the plaintiffs.

*John A. Hull* for the appellant.

*Mitchell & Kidder* for the appellees.

DILLON, J. — The arrangement between the partners, according to the allegations of the third count of the

1. CON-
TRACT:
consider-
ation.

answer, was: That the two remaining members of the firm should assume and pay the firm debts. In this arrangement it is not alleged that the plaintiffs were consulted. It is not even distinctly alleged that Hall went to the plaintiffs and obtained their promise to release him; but the allegation is, that "Van Winkle & Wheeler went to the plaintiffs and informed them of the agreement and of their undertakings, and the said plaintiffs then and there released this defendant," &c. The subsequent insolvency of Wheeler & Van Winkle is averred, but it is not averred that the appellant, relying upon the promise to release him, was thereby lulled into repose or prevented from obtaining indemnity or security We need not, therefore, consider the force and effect of such an allegation if it had been made. The allegation that the hogs purchased of the plaintiffs were on hand at the time of the dissolution, and of the promise of the

remaining members of the firm to pay the plaintiffs is immaterial without an allegation that the appellant had a lien on or possession of them for his security, and parted with them on receiving plaintiffs' promise to release him. It is to be remarked that the promise of Wheeler & Van Winkle is not evidenced by bill or note, nor was the alleged release to plaintiff evidenced by a receipt.

Wheeler & Van Winkle were before bound to pay the debt. Their new promise gave to the plaintiffs nothing that they did not before possess. The terms, time or amount of the indebtedness to the plaintiffs were in no way altered.

The appellant is not shown to have parted with any security or to have acted upon the faith of the promise to release him, for, as before remarked, it is not clearly alleged that the promise to release the appellant was made directly to him. Under these circumstances, the promise to release was without consideration; the new promise is not without execution, to be taken as a satisfaction of the old liability. By the force of the authorities in this State and elsewhere, we must affirm the ruling of the court below. *Frentress* v. *Markle*, 2 G. Greene, 533, directly in point, and see also *Hall* v. *Smith*, 10 Iowa, 45; *S. C.*, 15 Id., 584; *Harrison* v. *Close*, 2 Johns., 448; *Mitchell* v. *Hawley*, 4 Denio., 414; 3 Am. Law Reg. (N. S.) art. Accord and Satisfaction, p. 65, *et seq.;* Story on Cont., 982 *a*; 2 Pars. on Cont., 194, 195.

Affirmed.