No. 508.

## PEFFLEY ET AL. *v.* KENRICK.

REPLEVIN.—*Condition of Bond.*—The condition in a replevin bond given by a plaintiff to prosecute the action to effect, and without delay, means a continuous prosecution to a final judgment in favor of the plaintiff, and the plaintiff must diligently pursue the case and succeed or he will be liable on such bond.

SAME.—*Dismissal, Breach of Bond.*—A dismissal of a replevin suit is a breach of the bond given to the plaintiff, and renders him liable to the defendant.

SAME.—*Bond, Independent Conditions.*—The three usual conditions incorporated in a bond given by a plaintiff in an action of replevin are separate and independent, and a breach of any one of them entitles the defendant to maintain an action thereon.

SAME.—*Dismissal, Judgment of Return of Property.*—On the entry of a judgment of dismissal by the plaintiff, who has possession of the property replevined under his bond, the court has no power to award a judgment of return.

From the Carroll Circuit Court.

*L. D. Boyd,* for appellants.

*R. C. Pollard* and *C. R. Pollard,* for appellee.

NEW, J.—This was an action instituted in the circuit court by the appellee on a replevin bond executed by Celia N. Napier as principal and Joel Peffley as surety. The appeal is by Peffley, and notice thereof to Napier and Lyons has been given as provided for in section 635, R. S. 1881.

The substance of the case made by the complaint is that theretofore Napier brought her action in the circuit court against the appellees, Kendrick and Lyons, to recover possession of a horse, the property of the appellee. Upon a writ duly issued possession was taken of said property by the sheriff and delivered to Napier, the latter executing the undertaking required by the statute with Peffley as surety. A copy of the bond is made a part of the complaint, and reads as follows, the caption, signatures and approval omitted:

" We undertake that the plaintiff, Celia L. Napier, shall prosecute this action with effect and without delay, and return the property in controversy to the defendants if return be adjudged by the court, and pay to them all such sums of money as they may recover against the plaintiff in this action for any cause whatever;" that said Napier failed to prosecute said action of replevin to effect, but dismissed the same without a trial, and that thereupon the following entry and order was made by the court: " Come again the parties by counsel, and the plaintiff now dismisses this action at her costs, and is allowed three days to return to the defendants the property described in the complaint;" and the plaintiff was adjudged to pay the costs; that Lyons claims some interest in said horse, and is therefore made a party defendant; that said horse is of the value of $200; that Napier, notwithstanding her dismissal of said action of replevin and the giving of said bond, has refused to return said horse, and has converted the same to her own use.

Upon issues joined the cause was tried by a jury, and upon request, properly made, a special verdict was returned.

Upon the facts so found the appellant, Peffley, moved the court for judgment in his favor, except as to nominal damages. This motion was overruled, and the action of the court thereon is assigned as error. Other errors are assigned by the appellant, but the question thus presented is the only one requiring much attention.

The following facts with others are found by the special verdict: That an action of replevin was instituted by Napier. bond given and case dismissed as alleged in the complaint; that at the time of said proceedings in replevin, the appellee was in the possession of said horse, was the sole owner thereof, and that no other person had any interest in the same; that said horse had not been returned to the appellee, but that the possession thereof has been retained by said Napier and that said horse is of the value of $115; and that the appellee has been damaged in that sum. Twenty

dollars of this sum was remitted by the appellee, and the court gave the appellee judgment for $95.

The liability of Peffley as surety on the bond in suit is three-fold, to wit, the prosecution of the action with effect and without delay, the return of the property if its return be adjudged by the court, and the payment of such sums of money as may be recovered against his principal.

These conditions have always been treated as independent, and a right of action accrues upon the bond if there be a failure to keep any of them.

The entry made by the court upon the dismissal of the cause by Napier, the principal upon the bond, can not be regarded as a judgment for the return of the property. And if it was so intended, and could be so construed, the court did not have the power to render it after the dismissal of the action.   The act of 1877, page 101, was not carried forward into the revision of 1881.   See *Wiseman* v. *Lynn,* 39 Ind. 250; *Hulman* v. *Benighof,* 125 Ind. 481.

The complaint shows a failure on the part of Napier to prosecute her action in replevin to effect, and therefore states a cause of action against her and Peffley, her surety on the bond.   A dismissal of the suit was a failure to prosecute it with effect; it was a breach of the undertaking, and rendered the surety liable for the injury sustained.

The condition to prosecute the suit to effect, and without delay, has uniformly been interpreted to mean a continuous prosecution to a final judgment in favor of the plaintiff; the plaintiff must diligently pursue the case and must succeed. *Wiseman* v. *Lynn,* 39 Ind. 250; *Broom* v. *St. Paul, etc., Co.,* 33 Minn. 253; *Berghoff* v. *Heekwolf,* 26 Mo. 511; *Mills* v. *Gleason,* 21 Cal. 274; *Manning* v. *Manning,* 26 Kan. 88; *Smith* v. *Whiting,* 100 Mass. 122; 2 Sutherland Damages, 42.

And it is not necessary to the maintaining of an action for this breach of the bond that there should have been a judgment in the action of replevin for the return of the prop-

erty or for damages. This is not necessary, because, as we have already stated, the condition or duty to prosecute to effect is distinct and independent of the other condition. *Brown* v. *Parker*, 5 Blackf. 291; *Persse* v. *Watrous*, 30 Conn. 139; *Balsley* v. *Hoffman*, 13 Pa. St. 603; *Manning* v. *Manning, supra; Hall* v. *Smith*, 10 Iowa, 45; *Elliott* v. *Black*, 45 Mo. 372; *Smith* v. *Whiting, supra;* Cobbey Law of Replevin, sections 1253, 1254.

It is shown by the special verdict that the title to the property was in the appellee, and that it was of the value of $115. The appellee was entitled to recover the value of the property. *Wiseman* v. *Lynn, supra; Hall* v. *Smith*, 10 Iowa, 45; *Manning* v. *Manning, supra; Mills* v. *Gleason, supra; Gibbs* v. *Bartlett*, 2 W. & S. 29; *Balsley* v. *Hoffman, supra; Arnold* v. *Bailey*, 8 Mass. 145; 2 Sutherland Damages 43; Cobbey Law of Replevin, section 1356.

We have carefully examined other errors assigned, and find nothing in them which would justify a reversal of the judgment.

The judgment is affirmed with costs.

Filed April 26, 1892.