MANUFACTURERS FINANCE TRUST ET AL. *v.* HADLEY.

[No. 13406. Filed June 21, 1929. Rehearing denied September 12, 1929. Transfer denied March 6, 1931.]

*Carey & Cox,* for appellants.
*Blessing & Stevenson,* for appellees.

NICHOLS, J.—Action by appellee against appellants upon a replevin bond and to recover damages alleged to have been sustained by appellee on account of the breach by appellants of the terms of the bond.

To the complaint in one paragraph there was an answer in general denial. The cause was tried by the court, and, on the request of appellants, the court made a special finding of facts and stated its conclusion of law thereon in favor of appellee, that appellee was entitled to recover from appellants in the sum of $550, and rendered judgment against both appellants accordingly, from which, after appellants' motion for a new trial was overruled, this appeal, appellant assigning as error the court's action in overruling the motion for a new trial and the conclusion of law.

It appears by the special findings, so far as here involved, that appellant Manufacturers Finance Trust was the holder, as assignee, of a conditional-sales contract executed by appellee for the purchase of an automobile; by the payment of $100 and by services rendered by appellee, full payment was made for the automobile on May 28, 1926, but, on August 31, 1926, said appellant filed a replevin action against appellee for the immediate possession of said automobile; a writ of replevin was issued, by virtue of which possession of the automobile was taken by the sheriff, and, appellee failing to file a bond within 24 hours, said appellant filed its bond with appellant guaranty company as its surety, and the possession of the automobile was delivered to appellant Manufacturers Finance Trust; thereupon, said appellant dismissed its action in replevin, but kept the possession of the automobile. The court found that the value of the automobile at the time was $400, and that appellee was damaged by its detention in the sum of $150. Fail-

ing and refusing to deliver it to appellee, this action for damages followed.

Appellants say that their two assignments of error present but one question, that of the damages being excessive, and that the measure should be the value of the automobile at the time it was taken, plus interest thereon to the time of trial. The evidence is not in the record, and no question, therefore, is presented by the motion for a new trial as to the damages being excessive.

The evidence not being in the record, the findings of fact that the automobile was of the value of $400 at the time it was replevied, and that appellee was damaged in the sum of $150 by its detention, stands unchallenged. It follows that the court's conclusion of law that appellee was entitled to recover from appellant $550 was correct.

Appellant contends that, as the findings show there was no judgment for the return of the property in the replevin suit, there can be no damage for the breach of the replevin bond. But we are not in harmony with this contention. The dismissal of the replevin suit is a breach of the replevin bond. It is not necessary for the maintaining of an action for breach of the bond that there should have been a judgment in the action of replevin for the return of the property or for damages. *Brown* v. *Parker* (1840), 5 Blackf. (Ind.) 291; *Peffley* v. *Kendrick* (1891), 4 Ind. App. 510, 31 N. E. 40, L. R. A. 1917A p. 1191.

The court did not err in its ruling on the motion for a new trial nor in its conclusion of law.

Affirmed.