SUMPTER *v.* WILSON and Another.

Suit on a bond conditioned that the defendant would well and truly prosecute his writ of attachment against the plaintiff, &c. The defendant pleaded that the bond was not executed until after the issuing of the writ, and, for that reason, the proceedings in the attachment suit were quashed. Demurrer to the plea, which was overruled, and judgment for the defendant. *Held,* that the plea was bad.

ERROR to the *Jennings* Circuit Court.

SMITH, J.—This was an action of debt. The declaration alleges that, on the 18th of *March*, 1845, *James Wilson*, for the purpose of procuring a writ of domestic attachment against the property of the plaintiff, made and filed, with the clerk of the *Jennings* Circuit Court, an affidavit that the plaintiff was indebted to him in the sum of 725 dollars, &c.; that, thereupon, at the request of said *Wilson*, said clerk issued such writ, which was delivered to the sheriff, who, by virtue thereof, on the same day, and by the direction of *Wilson*, took into his custody, personal property of the plaintiff of the value of 235 dollars and 40 cents; that afterwards, on the same day, the said *Wilson*, with *Smith Vawter*, made, and filed in the office of said clerk, their writing obligatory, conditioned that said *Wilson* should well and truly prosecute his said writ of attachment, and pay all damages which the plaintiff might sustain, in case the proceedings of said *Wilson*, on said writ of attachment, should be wrongful and oppressive.

For breaches of said bond, the plaintiff alleges that such proceedings were afterwards had that said Circuit Court, at the *September* term, 1845, on the motion of the plaintiff, quashed said writ of attachment, and set the

proceedings thereon aside; that, at the time of suing out said writ, the plaintiff was a *bona fide* resident of the town of *Vernon*, in said county, and had not concealed himself so that process could not be served upon him, which the said *Wilson* well knew; that, by reason of the suing out of said writ and said proceedings thereon, the plaintiff was deprived of the possession and use of his said property, from the time it was so taken until the writ was quashed, and that said property, while thus taken, was much exposed and suffered material injury, &c.; in consequence of all which, &c., he avers that said writ and the proceedings thereon were wrongful and oppressive, and that he has sustained damages, &c.

The defendants filed two pleas. 1st. That the bond was executed without consideration; 2d. That said bond was executed after the issuing of said writ of attachment, and, for that reason alone, the proceedings in the attachment suit were quashed, as alleged in the declaration.

To the first plea there was an issue of fact. To the second plea the plaintiff filed a general demurrer which was overruled by the Court, and, the plaintiff refusing to withdraw it, there was a judgment for the defendant.

The question before us, therefore, is, whether the facts alleged by the second plea, constitute a bar to an action on the bond. We think they do not. In *Sherry* v. *Forseman*, 6 Blackf. 56, in an action upon a bond executed to procure a writ of replevin, there was a plea that the writ was dismissed at the instance of the plaintiffs on the ground of defects apparent on the face of the affidavit and writ, which was decided to be insufficient. That the writ was dismissed in this case because the bond was not executed until after the writ issued, affords no stronger reasons for holding the bond itself invalid. In the case of *Speake et al.* v. *The U. States*, 9 Cranch 28, a bond, upon which the suit was brought, was given under the embargo laws which required such bond to be given before a clearance issued, and a plea that the bond was not given until

May Term,
1848.

after a clearance had been issued and the ship had sailed, was held bad on demurrer.

The judgment of the Circuit Court must be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*M. G. Bright,* for the plaintiff.

*J. G. Marshall,* for the defendants.