Nov. Term,
1854.

MIKESILL
v.
CHANEY.

MIKESILL *v.* CHANEY.

In replevin, the plaintiff having obtained possession of the property by giving bond, suffered a non-suit at the trial. *Held,* that the defendant, notwithstanding, had a right, under s. 182, p. 702, R. S. 1843, to show the Court that he was entitled to the goods replevied, and thereupon to have judgment for their return, and a writ of inquiry for the assessment of damages for their detention.

*Saturday,*
*December* 16.

ERROR to the *St. Joseph* Circuit Court.

HOVEY, J.—*Chaney* sued *Mikesill* in replevin, under the R. S. 1843, for goods, &c. The defendant pleaded three pleas. 1. A denial of the unlawful taking and detention. 2. Property in himself. 3. Property in a stranger. In the second and third he prays a return of the goods, and that his damages may be assessed according to the statute. Issues of fact were formed, and the cause submitted to a jury. The plaintiff closed his evidence and suffered a nonsuit.

The defendant objected to a discharge of the jury, but his motion was overruled. He then moved the Court for a judgment returning the goods and for a writ of inquiry to assess his damages, at the same time offering evidence to sustain his claim. The motions were overruled, and the Court rendered judgment in favor of the defendant for costs only.

*Mikesill* brings the case here on error.

By the 182d section, p. 702, R. S. 1843, it is provided that—"If it appear, upon a *non-suit* of the plaintiff, or after a trial or otherwise, that the defendant is entitled to a return of the goods, he shall have judgment and execution therefor, accordingly, with damages for the detention thereof, which may be assessed by a writ of inquiry."

We think a fair construction of this section would give the defendant below the right to show the Court that he was entitled to the goods, and that, upon such showing, the Court ought to have rendered judgment in his favor for the same, and caused the damages to be assessed for their detention. The object of this section was to give

the defendant the right to have the merits of the cause disposed of while it was yet in Court. By thus settling the merits, circuity of action would be avoided, as the defendant would not be driven to the replevin bond for his remedy. The Court erred in overruling the defendant's motions.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. A. Liston,* for the plaintiff.