## Story and Others *v.* O'Dea and Another.

REPLEVIN BOND—DEMURRER.—Suit upon a replevin bond. The complaint averred that *A* sued out a writ against *B* and *C* for the recovery of the personal property of *B*, at the time in the possession of *C;* that the bond in the replevin suit was made payable to *B* and *C;* that the suit was dismissed, and judgment rendered against *A* in favor of the defendants for costs, and the property ordered to be returned to *B*. Demurrer to the complaint overruled.

*Held,* that the fact that the property was ordered to be returned to *B* does not show that *C* had no interest in the suit on the replevin bond, and the demurrer was correctly overruled. Page 328.

DEMURRER.—Where the only cause of demurrer assigned is, that the complaint does not state facts sufficient to constitute a cause of action, no question can be raised under it as to defect of parties, or the want of capacity on the part of the plaintiffs to sue. Page 329.

REPLEVIN BOND—DEFENSE.—In a suit on a replevin bond, for a failure to return the property as stipulated, the defendant answered, in one paragraph, that after the property had been delivered to him by the officer, on the same day one of the plaintiffs violently and forcibly took it out of his possession, and deprived him of the possession thereof, wherefore he could not make return thereof. Demurrer to the paragraph sustained.

*Held,* that the facts stated would not bar the action, but would perhaps be sufficient to bar a recovery for the value of the property, or go in mitigation of damages to that extent.

*Held,* also, that the facts alleged could be given in evidence under the general denial, which was also pleaded, and hence appellant sustained no injury by the action of the court in sustaining the demurrer. Page 329.

DAMAGES.—The complaint and affidavit in the replevin suit described the lumber thus: "20,000 feet of black-walnut lumber, loaded on four cars at the *Huntsville* depot." The evidence shows that the defendant in the replevin suit claimed all the lumber in the four cars; that it was all black-walnut lumber, and had all been loaded on the cars under the contract of sale by defendant to plaintiff. The suit was for four car-loads of lumber, which were estimated in the affidavit to contain 20,000 feet. The replevin suit seems to have been used as a means of obtaining possession of the lumber without paying for it according to the contract; and when that end was obtained, the suit was dismissed, leaving the defendant in that suit to his remedy on the bond to recover the value of the lumber. The lumber was thus procured in 1857; the suit on the bond was tried in 1862.

*Held,* that in the suit on the bond the jury were fully justified in finding there were 24,000 feet of lumber.

Story and Others *v.* O'Dea and Another.

*Held,* also, that, under the circumstances, it may reasonably be presumed that, by way of damages, the jury added to the value of the lumber, as shown by the evidence, interest for the delay of payment, which would fully cover the amount of damages assessed by the jury. Page 330.

APPEAL from the *Allen* Circuit Court.

ELLIOTT, J.—*O'Dea* and *Dunfe,* the appellees, sued *Story* and others, the appellants, on the following obligation :

" GEORGE KINNEY
       *v.*     } In the *Whitley* Circuit Court.
DENNIS O'DEA, *et al.*

"We undertake that the plaintiff shall duly prosecute this action with effect, and without delay, and return the property in controversy to the defendants, if a return be adjudged by the court, and pay to the defendants all such sums of money as they may recover against the plaintiff in the action, for any cause whatever.

    " (Signed)        GEORGE KINNEY,    [SEAL]
                             ANDREWS & OAKLEY, [SEAL]
                             JAMES STORY.      [SEAL]

"Approved by me, this *September* 8, 1857.

               "B. F. BEESON, *Coroner, W. C.*"

A demurrer to the complaint was overruled. Issue, trial, verdict, and judgment for the plaintiff below. The defendants appeal.

The first question presented by the appellants' brief arises upon the ruling of the court in overruling the demurrer to the complaint. The complaint alleges that, on the 7th of *September,* 1857, the said *Kinney* sued out of the clerk's office of the *Whitley* Circuit Court, in said state, a certain writ and order, directed to the coroner of said county, against the plaintiffs, for the recovery of certain black-walnut lumber, to-wit: *four* car loads of the value of $1,000, the personal goods and chattels of said *O'Dea,* and then in the possession of the plaintiffs; that the coroner by virtue of said writ, and order, took possession of

said lumber, and delivered the same to said *Kinney*, who, with the other defendants, thereupon executed the bond above set out, and which is copied into the complaint; that afterward, at the *March* term, 1858, of said *Whitley* Circuit Court, the said cause was dismissed by the order and judgment of said court, and it was adjudged "that said defendant, *O'Dea*, do recover of said *Kinney their* costs and charges, taxed at $—; and that said *O'Dea* do have a return of said lumber," etc. Breaches: 1. That said *Kinney* did not prosecute his said writ with effect and without delay for the recovery of said lumber. 2. That he did not return said lumber to said defendant, *O'Dea*, or either of them, although a return thereof was adjudged by said court. 3. That he did not pay said defendants, or any other person authorized to receive the same, the said sum of $—, the costs recovered by them in said cause against said *Kinney*." Damages claimed, $1,000.

The objection urged to the complaint is, that it does not show any right or cause of action in favor of *Dunfe*, one of the plaintiffs. We think it does. It alleges that *Kinney* sued out his writ to recover the property against both *O'Dea* and *Dunfe*, and that, upon the dismissal of that suit in the *Whitley* Circuit Court, a judgment was rendered against *Kinney* in favor of the "*defendants*" for cost. It is true that it is averred in the complaint that the lumber belonged to *O'Dea*, but it is further averred that it was at the time in possession of both the defendants, *O'Dea* and *Dunfe*, and that the writ was against both, and the bond executed to them jointly.

The order of the court upon the dismissal of the suit was, that the property should be returned to *O'Dea;* but that fact does not show that *Dunfe* had no interest in the suit on the bond.

It is, however, insisted that the complaint in the original suit was against *O'Dea* alone, and not against *Dunfe*, and therefore *Dunfe* was not a defendant in that suit. If the affidavit filed in the case, and the writ issued thereon,

were against both the parties, it would seem that both would be defendants; but the objection is not apparent from the complaint, and the question does not therefore arise on demurrer. The demurrer was correctly overruled for another reason. The complaint clearly shows a good cause of action, at least in favor of *O'Dea;* the only cause of demurrer assigned is, that the complaint does not state facts sufficient to constitute a cause of action. Under this cause no question is raised as to defect of parties, or the want of capacity on the part of the plaintiffs to sue. See *Collins* v. *Nave et al.,* 9 Ind. 209. Numerous other decisions of this court are to the same effect.

*Kinney* answered separately, the other defendants joined in their answer. The first paragraph of each answer is a general denial. The fourth paragraph of *Kinney's* answer, and the third paragraph of the answer of the other defendants, are to the second breach, alleging a failure to return the lumber, and aver that after the lumber was delivered to *Kinney* by the officer, and on the same day, the said *O'Dea,* by force and arms, violently and unlawfully took the said lumber out of the possession of said *Kinney,* and violently and forcibly deprived him thereof, wherefore he could not make return thereof to said *O'Dea.* The court sustained demurrers to these paragraphs, which is also assigned for error.

The facts stated would not bar the action, but would perhaps be sufficient to bar a recovery for the value of the property, or go in mitigation of damages to that extent. The facts alleged could be given in evidence under the general denial, and hence the appellants sustained no injury by the ruling of the court.

The evidence is made part of the record by bill of exceptions, and shows that the matters alleged in the answers referred to were not true in fact. One *Wheeler,* as the agent of *Kinney,* purchased the lumber of *O'Dea,* to be delivered on cars furnished by *Wheeler,* at *Hunts-*

*ville*, in *Whitley* county, and to be paid for before it was taken away. *Wheeler* managed to get one car-load away without paying for it. Four other cars were loaded, but *O'Dea* refused to permit them to be moved until the lumber was paid for, when, at *Wheeler's* instance, he went to *Fort Wayne* for the money, but *Wheeler* failed to pay it. While returning from *Fort Wayne* on the cars, the officer served the summons on *O'Dea* in the replevin suit. *O'Dea* went immediately to *Huntsville*, and unloaded the lumber from the cars, but *Wheeler* soon afterward reloaded it, and took it away.

After the jury returned a verdict for the plaintiffs, the defendant moved the court for a new trial. The motion was overruled, and judgment rendered on the verdict of the jury.

The plaintiffs in error insist that the damages are excessive, and for that reason a new trial should have been granted. The motion is founded on the assumption that the replevin suit was for only twenty thousand feet of lumber, and, though a larger amount may have been seized and delivered under the writ, that the bond only covered the twenty thousand feet. The complaint and affidavit filed by *Kinney* in the replevin suit describes the lumber thus: "Twenty thousand feet of black-walnut lumber, loaded on four cars at the *Huntsville* depot." The evidence shows that *Wheeler*, acting as the agent of *Kinney*, claimed all the lumber on the four cars; that it was all black-walnut lumber, and had all been loaded on the cars, under the contract of sale by *O'Dea* to *Kinney*. The suit was for the four car-loads of lumber, which *Wheeler*, who filed the affidavit, estimated to contain twenty thousand feet; but the jury was fully justified, from the evidence, in finding that there were at least twenty-four thousand feet. The replevin suit seems to have been used as a means of obtaining the possession of the lumber without paying for it according to the contract; and when that end was attained, the suit was voluntarily dismissed, leaving *O'Dea* to his

suit on the bond to recover its value. The lumber was thus procured in 1857, and this suit tried in 1862. Under these circumstances, it may reasonably be presumed that, by way of damages, the jury added to the value of the lumber, as shown by the evidence, interest for the unreasonable delay of payment, which would fully cover the amount of the damages assessed by the jury. We do not think the damages excessive.

The judgment of the Circuit Court is affirmed, with ten per cent. damages and costs.

*L. C. Jacobs,* for appellant.