*J. M. La Rue, R. P. De Hart* and *Mailer* and *Ward,* for appellant.

———————◆———————

## TULL *v.* DAVID.

SLANDER.—BURDEN OF THE ISSUE.—Where, in an action of slander, the defendant justifies the speaking of the words, the burden of the issue is upon him.

TRANSCRIPT.—CERTIFICATE.—The certificate of the clerk of a court that the paper to which it is attached is a "true transcript of the proceedings," &c., is not equivalent to a certificate that the paper is a "full, true and complete transcript," &c., and is not sufficient to authorize the use of the transcript in evidence.

SLANDER.—PERJURY.—Where in an action for slanderous words, imputing the crime of perjury, the defendant justifies the speaking of the words, he must prove not only the falsity of the affidavit or evidence, but that the statements were made willfully, corruptly and against the better knowledge of the witness. Perjury cannot be predicated of a statement which is according to the belief and conviction of the person making it, though he may have recklessly sworn to what he would, if more cautious, have learned to be false.

SAME.—JUSTIFICATION.—In order to sustain his justification, the defendant must prove, beyond a reasonable doubt, that the plaintiff willfully and corruptly swore to that which was false.

SAME.—If the justification does not cover the slander to the full extent, the plaintiff is entitled to recover for the excess not justified.

SAME.—If in such case, the plaintiff stated the facts to an attorney in whom

Tull *v.* David.

he had confidence, who reduced them to writing, and the plaintiff then made oath to them, under the advice of his attorney that the writing was, in legal effect, the same as his oral statement, he is not guilty of perjury, though the affidavit, as written, was not true.

APPEAL from the *Bartholomew* Circuit Court.

GREGORY, J.—*Tull* sued *David* in slander, for words charging the plaintiff with perjury, in making an affidavit against the defendant for obstructing a highway, and in giving testimony on the trial of the information founded on the affidavit. The appellee justified the speaking of the words as charged. Trial by jury. Verdict for the defendant. Motion by the appellant for a new trial overruled. The evidence is in the record.

It is claimed that the court below erred in refusing to permit the appellant to open and close the case to the jury. Under the justification, the defendant had the burden of the issue, and this entitled him to open and close. *Judah* v. *The Trustees of the Vincennes University*, 23 Ind. 272.

On the trial, the defendant offered in evidence, over the objection of the plaintiff, a transcript of the proceedings and judgment in the case against him in the *Brown* Common Pleas, founded on the affidavit of the appellant. It is claimed that this was error:

First, because the transcript was not properly certified. The certificate is as follows: "State of *Indiana, Brown* county: I, *Thomas M. Adams*, clerk of the Court of Common Pleas of said county, hereby certify that the foregoing is a true transcript of the proceedings had in said cause, as appears by the record books of my office. Given under my hand and official seal, this 18th day of *April*, 1864." We think that a "true transcript of the proceedings had in said cause, as appears by the record books," &c., does not mean a "full, true and complete transcript of the record." *Smith et al.* v. *Jeffries*, 25 Ind. 376.

Second. It is objected that the original affidavit, and not the certified copy, ought to have been introduced. This objection would have been without foundation under a prop-

erly certified transcript of the record.   The affidavit, when filed, was a part of the record, and could be proved by a certified copy thereof.

The court below, at the request of the appellee, charged the jury, over the objection of the appellant, that "an order of the trustee of a township ordering a highway to be located and opened, without fixing the width of the road in the order, is void, and no highway would thereby be established."   The case made, under the issue, rendered this instruction impertinent and improper.   On the question of justification, in view of the testimony, the instruction was well calculated to mislead the jury.   There is no proof tending to show that the appellant, at the time he made the affidavit, or at the time he gave his evidence, knew that the appellee, at the time of the commission of the alleged offense, claimed the right to obstruct the highway, on the ground that the order establishing it was void.

The appellant, at the proper time, requested the court to give to the jury the following instruction, which was refused: · · "Evidence is essential not only to show that the witness swore falsely in fact, but also, as far as circumstances tend to such proof, to show that he did so corruptly, willfully, and against his better knowledge; and although a witness may recklessly swear to what he would, if more cautious, learn to be false, it is not perjury, but the oath must be willfully corrupt.   His negligence or carelessness in coming to a belief or conclusion of mind, without taking proper pains to enable him to ascertain the truth of the facts to which he swears, does not make his oath corrupt, and perjury cannot be willful where the oath is according to the belief and conviction of the witness as to its truth."

This is a correct exposition of the law, and the court below erred in refusing to give the instruction to the jury.

The appellant also requested the court to give the following instruction, which was refused:

"Greater precision is necessary, on the part of the defendant, in the proof of the facts of his answer, than would

Tull *v.* David.

be required if the plaintiff stood indicted for perjury, and was on trial therefor, for a variance as to some matters that would not be fatal in an indictment, would be so upon issue taken on a justification of a charge of perjury. *If the justification does not cover the slander to the full extent, the plaintiff will be entitled to recover for the excess not justified; and if the defendant fails to prove to you, beyond a reasonable doubt, that the plaintiff swore willfully and corruptly false, both in the affidavit and in his testimony given in the case, then you must find for the plaintiff.*"

The words in italics state the law correctly, but the other part of the instruction, we think, was calculated to mislead the jury, and the court was right in refusing to give the instruction, as asked.

The appellant, at the proper time, also requested the court to give the following instruction, which was refused:

"If the plaintiff stated the facts to a lawyer, who reduced the affidavit to writing, and the plaintiff then made oath to the writing under persuasion of his legal adviser, in whom he had confidence, that it did not differ from the oral statement, he is not guilty of perjury, though in fact the writing is wrong."

We think the court erred in refusing to give this instruction.

It is claimed that the evidence does not sustain the finding. We have carefully examined the testimony, and are of the opinion that it utterly fails to establish the truth of the justification. The court below erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to grant a new trial, and for further proceedings.

*F. T. Hord*, for appellant.

*W. Herod, W. W. Herod, S. Stansifer* and *F. Winter*, for appellee.