## Sammons and Others *v.* Newman and Others.

Suit on Replevin Bond.—Where in an action upon a replevin bond a transcript of the proceedings in the replevin suit is filed with the complaint, it should be stricken out on motion.

Same.—Pleas in Mitigation.—Pleas which do not go in bar of the action, but only in mitigation of damages, are not allowable in such actions.

Same.—Defenses.—Where the plaintiff in replevin has obtained possession of the property under his writ, neither he nor his sureties can be permit-

ted to allege, in defense of an action upon the bond, that no suit was pending when the bond was executed, because no writ of summons ever issued in the replevin suit.

APPEAL from the *Decatur* Circuit Court.

FRAZER, J.—This was a suit on a replevin bond. The appellant does not give us the advantage of any argument in his behalf.

1. The first error assigned is upon the overruling of a demurrer to the complaint. We can perceive no possible objection to it, except that it has annexed to it a copy of almost the entire record of the replevin suit. This ought to have been stricken out by the court upon its own motion, but it is not cause of demurrer.

2. Demurrers were sustained to two paragraphs of the answer which alleged matter, not in bar, but in mitigation, and this is assigned for error. The ruling was correct. There is no warrant for such pleading in such a case.

3. A motion for a new trial upon the insufficiency of the evidence was overruled, which is the remaining error assigned. A bill of exceptions contains a part of the evidence only, *i. e.*, it purports to contain "all the evidence as to the pendency of the action of replevin," and it is stated that "no process or summons in said action was given in evidence or shown therein." We have not determined that we can properly decide whether or not a case should be reversed on the evidence unless the whole evidence is before us. But in this case, if it did distinctly appear, from the whole evidence, that no writ of summons had ever issued in the replevin suit, and that therefore that suit was not begun when the replevin bond was given, it would not avail the appellants. To allow them to avoid liability on their bond upon that ground, would be to give judicial sanction to the perpetration of a palpable fraud upon the other party. By the bond, the plaintiffs in that suit obtained the possession of the property. Shall they now be permitted to say, "we had no replevin suit pending, the sheriff had no right to take the property and deliver it to us, the bond was un-

authorized, and we are not bound?" Nor are the sureties in any better position in law to controvert the pendency of the replevin suit. The bond itself shortly recites, or rather assumes, that that action was then pending. It is entitled of that cause, as in the *Decatur* Circuit Court; the undertaking is that the plaintiffs therein will prosecute "this action," and return the property, if return be adjudged, and pay the defendant such sums as he may recover in "this action." *Trimble* v. *The State,* 4 Blackf. 435; *Sherry* v. *Foresman,* 6 *id.* 56; and *Sumpter* v. *Wilson,* 1 Ind. 144, are cases in point, and are decisive against the appellants.

The judgment is affirmed, with five per cent. damages and costs.

*J. S. Scobey,* for appellants.

*C. Ewing, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellees.