## WISEMAN ET AL. *v.* LYNN.

REPLEVIN.—*Dismissal.*—*Judgment for Return of Property.*—There can be no judgment for the return of the property, where the plaintiff in an action of replevin dismisses his action before a finding is announced by the court or a verdict is returned by the jury. (DOWNEY, J., dissented.)

SAME.—*Failure to Prosecute.*—*Liability of Sureties.*—Such dismissal of the action will render the sureties on the replevin bond liable for a failure of their principal to prosecute the action with effect.

SAME.—*Pleading.*—*Answer of Property in Plaintiff.*—An answer to an action on the bond, of property in the plaintiff in the action of replevin, constitutes no defence to the action, but the fact goes in mitigation of damages.

STATUTE.—*Certificate of Clerk to Record.*—Section 283 of the code is to be construed in connection with section 4 of the act providing for the election of clerks and prescribing some of their duties, in determining the sufficiency of the certificate of a clerk to a record. Accordingly, a certificate enumerating certain papers is not sufficient, if it does not show that the papers named are " complete copies of all the papers;" nor does a certificate that " the record entries of same in the above entitled cause, now on file and of record in said office," cover and embrace " all the entries of such cause."

REPLEVIN BOND.—*Recital of Value.*—The recital, in a replevin bond, of the value of the property is sufficient evidence of the value, in an action on the bond, and estops the plaintiff and his sureties from denying the same.

APPEAL from the Fayette Common Pleas.

BUSKIRK, C. J.—This was an action on a replevin bond by the appellee against the appellants. The action was commenced in the Franklin Common Pleas, and upon the application of the appellants, the venue was changed to Fayette county.

The substantial averments of the complaint were these: That John Church, Jr., on the 23d of March, 1869, filed his complaint and affidavit in replevin against the appellee, in the Franklin Circuit Court, to recover the possession of a certain Emerson piano, numbered 5795, which it was alleged was unlawfully detained by the defendant in that action; that upon the filing of such complaint and affidavit, a writ of replevin was issued by the clerk of said court and delivered to the sheriff of said county, who, by virtue thereof, took from the possession of the said appellee the piano named in the verified complaint; that on the 8th day of April, 1869, the said Wiseman and Frank executed to the sheriff of said county an undertaking and bond, in said action, conditioned that said Church should prosecute said action to effect and without delay, and return said piano to the said Lynn, if return be adjudged by the court, and to pay all sums of money that might be recovered against said Church in said action, for any cause whatever; that upon the execution of the said bond, the said sheriff delivered the said piano to the said Church, who has ever since retained the possession thereof; that subsequent to the delivery of the said piano, the said Lynn had recovered, in the said court, a judgment for the return of said piano and all proper costs; that the said Church, Wiseman, and Frank wholly failed, refused, and neglected to comply with the conditions of the said bond, in this, that said Church failed to prosecute said suit to effect and without delay; that said Church and the said defendants have failed, refused, and neglected, and still refuse and neglect, to return said property to the plaintiff, or to pay the costs adjudged against the said Church; and that the said piano was of the value of four hundred dollars, for which sum judgment was demanded.

To which complaint a demurrer was filed and overruled, but no exception was taken.

The defendants answered in four paragraphs. A demurrer was sustained to the second, third, and fourth paragraphs of the answer; to which ruling the appellants excepted.

The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the plaintiff, in the sum of four hundred dollars. The court overruled a motion for a new trial, and rendered judgment on the finding.

The appellants have assigned for error the sustaining of the demurrer to the second, third, and fourth paragraphs of the answer, and the overruling of the motion for a new trial.

Did the court err in sustaining the demurrer to the answer?

The fourth paragraph of the answer contains all that is in the second and third, and, in addition, some allegations that are not in either of the preceding paragraphs. We will, therefore, omit the second and third paragraphs, and set out the fourth, which reads as follows :

" For fourth answer, the defendants say that on the 14th of October, 1867, John Church, Jr., and Oliver Ditsen were partners in trade, under the name and style of John Church, Jr., and, as such, were the legal owners of and in possession of the piano mentioned in said complaint; that on said 14th of October, 1867, by written agreement, they, in their firm name, rented said piano to Ulysses V. Kyger, who, by the name and description of U. V. Kyger, executed said agreement, a copy of which is filed herewith and made a part hereof, and reads as follows:

" ' CINCINNATI, OHIO, Oct. 14th, 1867.

" ' J. Church, Jr., has this day rented to Mr. U. V. Kyger, residing in Brookville, Indiana, one Emerson piano, No. 5795, valued at four hundred dollars, to be used only by the said Kyger and friends, in his said residence, and not to be removed therefrom without the written consent of said J. Church, Jr., indorsed hereon ; the rent is to be twenty-five dollars per month, payable monthly in advance, on the 14th of each month, at the store of the said J. Church, Jr., Cincinnati, without any demand whatsoever to be made therefor. Said renting may be terminated at any time by the said J. Church, Jr., at his option, by the failure of the said U. V.

Kyger to pay said monthly rent when the same shall become due, or by the use of said instrument in any manner than that provided for above, or by the removal of the said instrument from the place above described, or by the abuse of the same, or by any other circumstances that may give said J. Church, Jr., reason to fear for the proper treatment of his said property. The said U. V. Kyger is to take good care of the said instrument, keep the same in good order, and so return the same to the said J. Church, Jr., whenever the said renting may be terminated, whether at the expiration of fifteen months, or by failure to comply with the terms above named. If the said U. V. Kyger desires to purchase said instrument, he may do so at any time during the continuance of said renting, by the payment to the said J. Church, Jr., of the sum of four hundred dollars, in which case all sums paid for rent within sixteen months, should said renting so long continue, will be deducted from said sum; but the privilege to purchase said instrument shall in no way interfere with the right of the said J. Church, Jr., to control said instrument (all property remaining in him) until said purchase-money is paid. U. V. KYGER.'

"That afterward, to wit, on the first day of July, 1868, said Kyger, without right and without authority from said firm of John Church, Jr., and in express violation of said written agreement, delivered the said piano to one Elizabeth Willis, who, without any legal right, and in violation of said agreement, took the possession thereof, and so unlawfully held the same for a great length of time, to wit, to the 1st of October, 1868, at which time, without any authority from the said firm of John Church, Jr., and without any right whatever, delivered the same to the said plaintiff, Jackson Lynn, who, without any right or authority whatever from the said firm of John Church, Jr., and in express violation of the terms of the said agreement, took possession of the said piano, and, although often requested so to do, wholly failed and refused to return the said piano to the said firm of John Church, Jr.; and thereupon the said suit was insti-

tuted by said John Church, Jr., who, by accident, inadvertence, and mistake, brought said suit in his own name, and did not join with him as plaintiff said Oliver Ditsen, his partner; that on the trial of said cause, and before the same had been fully determined, said John Church, Jr., was compelled to, and did, dismiss his said suit, and the defendants say that the said plaintiff having no title or claim to the said piano, and the same being the property of the said firm of John Church, Jr., said plaintiff has sustained no damages herein, and is not entitled to the possession of the said piano."

The sufficiency of the answer greatly depends upon the assignment of the breach of the conditions of the bond. The substantial assignment is, that John Church, Jr., failed to prosecute his action of replevin with effect. It is also assigned as a breach of the condition of the bond, that there was a judgment for the return of the property, and that the appellants had failed and neglected to make such return, but retained the possession of the property. It is maintained by the appellants, that there could be no judgment for the return of the property, where the plaintiff in the action of replevin dismissed his action before a finding was announced by the court, or a verdict was returned by the jury. By section 363 of the code, 2 G. & H. 216, a plaintiff may dismiss his action before the jury retire, or, when the case is tried by the court, before the finding of the court is announced. When a cause has been dismissed with the permission of the court, it is no longer pending, and, consequently, no judgment can be rendered, other than a judgment for costs. *Breese* v. *Allen*, 12 Ind. 426. Section 364 of the code, 2 G. & H. 217. This rule does not apply where there is a set-off or counter claim pleaded. Section 365, 2 G. & H. 217. A judgment may be rendered by confession or default without a trial, but in all other cases a judgment must be based upon the verdict of a jury, or a finding by the court. Sections 370 and 371 of the code, 2 G. & H. 218. We are of the opinion that the court possessed no power to

render a judgment for a return of the property in the replevin suit. The conclusion to which we have come is not in conflict with the ruling in the case of *Mikesill* v. *Chaney*, 6 Ind. 52; for that decision was placed upon a section of the statute of 1843, which expressly authorized the court to order a return of the property after nonsuit. But we have no such statute now.

It remains to inquire, whether the obligors in a replevin bond are liable for the value of the property, where the plaintiff dismisses his action before the jury retire. One of the conditions of the bond was, that the plaintiff would prosecute his action of replevin with effect, and without delay. It was held by this court, in the case of *Brown* v. *Parker*, 5 Blackf. 291, that a failure to prosecute a suit with success is a failure of prosecuting it with effect; that the action of replevin must be prosecuted to a successful decision, otherwise it is no compliance with the condition of the replevin bond.

The ruling in the above case was based upon the cases of *Morgan* v. *Griffith*, 7 Mod. 380, and *Dias* v. *Freeman*, 5 T. R. 195, and has been followed by this court in the cases of *Robertson* v. *Caldwell*, 9 Ind. 514; *Tardy* v. *Howard*, 12 Ind. 404; *Wheat* v. *Catterlin*, 23 Ind. 85, and may now be regarded as the settled law in this State. But it is maintained by the appellants, that the allegation in the answer, that the property belonged to the firm of John Church, Jr., and not to the plaintiff in this action, constituted a defence to the action, and that consequently the court erred in sustaining the demurrer. We think otherwise. It was said by this court, in *Sherry* v. *Foresman*, 6 Blackf. 56, that "the fact, that the property replevied belonged to Foresman and Earl cannot be a bar to the breach assigned, viz., their failure in the suit which they had brought for the unlawful taking of the property."

To the same effect are the cases of *Davis* v. *Crow*, 7 Blackf. 129; *Wallace* v. *Clark*, 7 Blackf. 298.

The fact that the property replevied belonged to the plain-

tiff in that action does not constitute a bar to the action, but only goes in mitigation of damages. See the authorities above cited from Blackford, and *Sammons* v. *Newman*, 27 Ind. 508.

Matters in mitigation only, except in actions for libel and slander, cannot be specially pleaded or set up by way of answer, but may be given in evidence under the general denial. *Smith* v. *Lisher*, 23 Ind. 500; *Sammons* v. *Newman*, 27 Ind. 508; *Story* v. *O'Dea*, 23 Ind. 326; *Whitney* v. *Lehmer*, 26 Ind. 503. The error, if one had been committed in sustaining the demurrer to the answer, was a harmless one, because the fact might have been proved under the general denial, which was pleaded. The court committed no error in sustaining the demurrer to the answer.

The next error assigned is based upon the action of the court in overruling the motion for a new trial. In support of this assignment, three reasons are urged. The first is, that the court erred in admitting in evidence the transcript of the action in replevin. The only objection urged to the transcript is that the certificate is defective. The certificate is as follows:

"State of Indiana, Franklin county. I, Samuel S. Harrell, clerk of the circuit court within and for the county and State of Indiana aforesaid, do hereby certify that the above and foregoing is a full, true, and complete copy and transcript of the complaint, affidavit, undertaking for costs, writ, bond, and return of sheriff on writs, summons, and return of sheriff thereon, answer of defendant, demurrer to answer, reply of plaintiff, and motion to strike out reply, and the record entries of same in the above entitled cause, now on file and of record in said office, and amount of fees taxed at twenty-seven dollars and thirty-five cents.

"In witness whereof, I have hereunto set my hand and affixed the official seal of said court, at Brookville, Indiana, this 26th of July, 1870.

[SEAL.] 　　　　　　　　　"SAMUEL S. HARRELL,
　　　　　　　　　　　　"Clerk Franklin Circuit Court."

The statute providing for the admission of copies of records as evidence is found in 2 G. & H. 183, sec. 283, and provides that they shall be "proved or admitted as legal evidence in any court or office in this State, by the attestation of the keeper of said records," etc., * * "that the same are true and complete copies of the records," etc.

The counsel for appellants have referred us to the above section of the code and the cases of *Tull* v. *David*, 27 Ind. 377, and *Fry* v. *The State, ex rel. Ristine*, 27 Ind. 348, in support of their objection to the certificate.

In the case of *Tull* v. *David, supra*, the certificate was not either a strict or substantial compliance with the statute, and was, consequently, clearly bad. This court decided that the words, "a true transcript of the proceedings had in said cause, as appears by the record books of my office," did "not mean a full, true and complete transcript of the record." The certificate in the above case did not show that the transcript contained a full, true, and complete copy of the papers and proceedings had, but only what appears in the record books.

The case of *Fry* v. *The State, ex rel. Ristine, supra*, is not in point, as that was a special proceeding, where the statute prescribed the form of the certificate. This court held, that the certificate did not comply with the requirements of the statute, because it did not show that "it was a copy of an account made out by the auditor, or an account made out in a settlement with the auditor." See secs. 6–8, 1 G. & H. 120.

This court, in *Weston* v. *Lumley*, 33 Ind. 486, held that a certificate, "that the foregoing is truly copied from the records of the board of commissioners of said county, at their September session, A. D. 1867, to wit, September 2d, A. D. 1867," was not a compliance with the statute. The court say: "The certificate of the auditor was defective. It was not sufficient for him to certify that it was truly copied from the records. He should have certified that it was a 'full, true, and complete transcript of the record.' *Smith* v.

VOL. XXXIX.—17

*Jeffries*, 25 Ind. 376; *Tull* v. *David*, 27 Ind. 377.     The ruling of the court below on this point was correct."

Section 283 of the code is to be construed in connection with section 4 of the act providing for the election of clerks and prescribing some of their duties, which reads as follows:    "In all cases where a complete record is dispensed with, the production of the papers and entries relating thereto, and all transcripts thereof, certified and attested with the seal of such court, as complete copies of all the papers and entries of such cause, shall have the same force in evidence as a transcript of a complete record thereof."    2 G. & H. 13.

The certificate in the case under consideration does not comply with either section 283 of the code or section 4 of the act prescribing the duties of clerks.    To make the certificate good under section 283, the clerk must certify "that the same are true and complete copies of the records, bonds, instruments or books, or parts thereof, in his custody."    The clerk is required by section 4, *supra*, in certifying to transcripts, to certify to them "as complete copies of all the papers and entries of such cause."

Where the legislature has prescribed the forms to be used by a ministerial officer, there must be a substantial compliance.    Sec. 800 of the code, 2 G. & H. 336; *Spencer* v. *The State*, 5 Ind. 41 ; *Spaulding* v. *Harvey*, 7 Ind. 429.

The certificate in question is specific in its character, while the statute requires that it should certify that it contained "all the papers and entries in such cause."    How are we to know that the papers specifically named were all the papers in the cause? or how are we to know that the words, "the record entries of same in the above entitled cause, now on file and of record in said office," covered and embraced "all the entries in such cause?"    The certificate does not say that it contains all of the entries, but only the record entries that are on file and of record in his office.

We are of the opinion that the certificate was defective, and that the court erred in admitting in evidence the transcript of the replevin suit.

It is next maintained by the appellants that there was no evidence as to the ownership of the piano. We think otherwise. Mrs. Willis testified that she purchased the piano of Kyger, who was in possession of it at the time of the sale.

The evidence of the appellee was as follows: "I am the plaintiff in this suit; in November, 1868, I got the piano of Mrs. Willis; she had it still, and came and sold it to me; it was in her possession at the time."

There was no evidence contradicting the above evidence. The presumption of the law is, that the party in possession of personal property is the owner of the same; and so, also, as men usually own the personal property they possess, proof of possession is presumptive proof of ownership. 1 Greenl. Ev., sec. 34.

But in this, the evidence established not only possession of the piano, but that it had been purchased of persons who were in possession at the times of its sale, claiming the same as their own. We think that the evidence was sufficient, in the absence of other evidence, to establish ownership.

It is next urged that the court below erred in overruling the motion for a new trial, for the reason that there was no evidence as to the value of the piano, and that, consequently, the court erred in rendering judgment for the sum of four hundred dollars.

We are of a different opinion. The action was based solely upon the replevin bond, executed by the appellants. It was admitted in the body of the bond that the piano was of the value of four hundred dollars. The plaintiff in the replevin suit, in his affidavit, swore that the piano was of the value of four hundred dollars. The bond was read in evidence, and, in our opinion, sufficiently established the value of the piano. The recital in the bond, that the piano was of the value of four hundred dollars, was a solemn admission of the appellants, and which, in an action upon the bond, would estop them from denying the truth of the admission. *Trimble* v. *The State*, 4 Blackf. 435; *May* v. *Johnson*, 3 Ind. 449; *Guard* v. *Bradley*, 7 Ind. 600; *Sammons* v.

*Newman*, 27 Ind. 508; *The German Mutual Ins. Co. of Indianapolis* v. *Grim*, 32 Ind. 249; 1 Greenl. Ev., sec. 22.

For the error of the court in admitting in evidence the transcript of the replevin suit, the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

DOWNEY, J.—From so much of the foregoing opinion as holds that there can be no judgment for a return of the property to the defendant, in case the plaintiff dismisses his action or suffers a nonsuit, I am compelled to dissent.

*C. C. Binkley* and *J. C. McIntosh*, for appellants.

*T. B. Adams* and *F. Berry*, for appellee.