Filed Oct. 18, 1890.

———————

No. 14,331.

## HULMAN *v.* BENIGHOF ET AL.

REPLEVIN.—*Judgment in.—Dismissal by Plaintiff.—Return of Property to Defendant.*—The act of 1877, conferring upon the court the power, after the dismissal by the plaintiff of an action of replevin, to adjudge a return of the property to the defendant, was not carried forward into the revision of 1881; and under section 333, R. S. 1881, the court, after a dismissal by the plaintiff in an action of replevin, has no power to adjudge a return of the property, or the right to the possession thereof.

SAME.—*Pleading.*—In an action on the replevin bond, an answer which sets up such dismissal, and alleges that the plaintiff in the replevin suit is the owner of the property, is sufficient to a complaint which seeks a recovery for the value of the property, but which does not allege actual damages because of the failure to prosecute the action with effect.

SAME.—*Dismissal.—Practice.*—The action was, in legal effect, dismissed when counsel for the plaintiff withdrew their appearance, and a default was taken against him.

From the Vigo Circuit Court.

*N. G. Buff, L. D. Leveque* and *T. W. Harper,* for appellant.

*W. E. Hendrick, G. W. Faris* and *S. R. Hamill,* for appellees.

BERKSHIRE, C. J.—The facts, as disclosed by the complaint in this case, are as follows:

On the 18th day of June, 1879, the appellees recovered a judgment in the Vigo Circuit Court against one Peter Schumaker for the sum of $632.27, and costs; on the 13th day

of August, 1880, they caused executions to issue on said judgment to the sheriff of Vigo county ; that by virtue of said writ said officer levied on certain goods and chattels as the property of the said judgment debtor, of the value of $1,600, and reduced the same to his possession; that, on the — day of ——, 1880, the wife of the said judgment debtor, Charlotte Schumaker, claiming to be the owner of said property, instituted an action to recover possession thereof in the said circuit court ; a writ of replevin was duly issued to the coroner of said county, and in obedience to the command thereof he took possession of the said property and delivered it to the said Charlotte, she, together with the appellant, executing the bond in suit.

Afterwards the appellees were made parties defendant to said action, and thereafter the said cause was tried in the said court and judgment rendered for the defendants, that the said property be returned to the said sheriff, and that the value of the property was $1,600 ; that the judgment against the said Peter Schumaker, as also the one against the said Charlotte, are in full force and unsatisfied ; that the appellant and the said Charlotte have broken their said obligation, in this, that they have failed to return the said property as in said action adjudged.

The appellant filed his separate answer, in which he admitted the institution of the action, the execution of the bond, the issuing of the writ of replevin, the delivery of the property to the said Charlotte by the coroner, that the appellees became parties defendant to said action, and the filing of an answer by the defendants.

It is then alleged that on the 13th day of December, 1883, the attorneys of the said Charlotte withdrew their appearance in said action, and that the final proceedings in said cause were as follows (quoting from the record) :

" Come now the attorneys for the plaintiff and withdraw their appearance, and on motion of Hendrick and Mack, attorneys for defendants, the plaintiff is three times solemnly

called and comes not, but makes default, and the court, after hearing the evidence, and being advised, finds that the said property is of the value of sixteen hundred dollars, and that the defendants have a return of the said property (describing it). It is therefore ordered, adjudged and decreed that the value of said property is sixteen hundred dollars, and that the plaintiff return the same to the defendants without delay, to be dealt with according to law."

The answer then goes on to allege that no evidence was heard as to the ownership of the property replevied, and that the title and ownership of the said goods replevied were not determined in the said action of replevin ; that the fact is that the goods levied upon and involved in the said action instituted by the said Charlotte were her private personal property, purchased with her own means, and were at no time the property of the said Peter Schumaker.

Then follows an admission that the property was of the value stated in the complaint.

This paragraph of answer was challenged by a demurrer, and the court having sustained said demurrer the appellant reserved an exception, and refusing to answer further the court afterwards rendered judgment against him, as prayed in the complaint.

The answer was pleaded as a partial answer, but in bar of all but nominal damages.

The only error assigned relates to the ruling of the court in sustaining the demurrer to the said paragraph of answer.

The statute now in force as to the judgment which shall be rendered in an action of replevin is a literal copy as found in the revision of 1852. R. S. 1881, section 572 ; 2 R. S. 1876, p. 187, section 374.

The form of the bond, and its conditions, to be given by the plaintiff in the action, are the same now as in the revision of 1852. R. S. 1881, section 1270 ; 2 R. S. 1876, p. 91, section 132.

The statute now relating to the dismissal of actions, with-

out prejudice, is almost a literal copy from the revision of 1852. R. S. 1881, section 333 ; 2 R. S. 1876, p. 184, section 363.

In the revision of 1881 it is provided that when there has been a trial by jury, and a general verdict rendered, the judgment must be in conformity to the verdict. Section 564, R. S. 1881. The next section provides what the judgment shall be in case of a special finding, or verdict.

These sections are exact copies of sections 370 and 371 of the revision of 1852 (2 R. S. 1876, p. 186).

In the case of *Wiseman* v. *Lynn,* 39 Ind. 250, this court, in quite an exhaustive opinion, canvassed the different sections cited, as found in the code of 1852, and came to the conclusion that after a dismissal by the plaintiff of an action of replevin the court had no power to adjudge a return of the property to the defendant.

The conclusion reached in that case was adhered to until 1877, when the Legislature conferred this power. Acts of 1877, p. 101. The act of 1877 was not carried forward into the revision of 1881, and there is no substantial difference between the present statute and the same as found in the revision of 1852, except the provision in the present statute giving to the defendant the privilege of giving bond and retaining possession of the property until the end of the litigation.

The rule of practice, as prescribed by the act of 1877, was not altogether satisfactory. Under the construction placed by this court upon that act, if a party plaintiff was in court with a meritorious action, and the facts were not such as to entitle him to a continuance, he had but one of two alternatives : to dismiss his action, or to go to trial ; and, in either event, the result was disastrous; the judgment being conclusive as an adjudication of the matters involved in the issues.

It is more than probable that the provision giving to the defendants the right to give bond was intended to remedy the mischief at which the act of 1877 was aimed. So far as

Hulman v. Benighof et al.

material to the questions now under consideration, the revisions of 1881 and 1852 are the same, and we can not hold that, after a dismissal in an action of replevin, the court may render judgment for the return of the property. To so hold would be to overrule *Wiseman* v. *Lynn, supra,* and, in effect, to hold that the act of 1877 made no change in the rule of practice.

It follows, therefore, that if the court had no power to adjudge a return of the property, nor the right to the possession, the rights of the parties to the property were still an open question. This being true, the allegations in the answer meet fully the complaint so far as it asks a recovery for the value of the property, and as no actual damages are alleged because of the failure to prosecute the action with effect, the most that can be recovered because of that breach is nominal damages; therefore, the answer was sufficient as to this breach of the complaint, and as a whole a good answer. *Wallace* v. *Clark,* 7 Blackf. 298; *Thomas* v. *Irwin,* 90 Ind. 557; *Foster* v. *Bringham,* 99 Ind. 505; *Miller* v. *Cheney,* 88 Ind. 466.

In all the cases that have come before this court to which our attention has been called, in which it has been held that after dismissal of the action there may be an inquiry by the court and a judgment for the return of the property, they have rested on a statute expressly authorizing such a procedure. *Woods* v. *Kessler,* 93 Ind. 356; *Williams* v. *Kessler,* 82 Ind. 183; *Mikesill* v. *Chaney,* 6 Ind. 52. *Smith* v. *Mosby,* 98 Ind. 445, was an action upon a replevin bond, wherein it was held that the defendants would not be permitted to show that they were the owners, or had a lien upon the property, in mitigation of damages, after there had been a trial, and an adjudication in the replevin suit settling the right to the possession of the property in favor of the defendant, and a judgment for the return of the property, but at the same time the court recognized the rule as being the other way in cases dismissed without adjudication. See

Hulman v. Benighof *et al.*

bottom of page 448. To the same effect is *Smith* v. *Lisher*, 23 Ind. 500. See *Miller* v. *Cheney*, *supra*; *Ringgenberg* v. *Hartman*, 124 Ind. 186; *McFadden* v. *Ross*, 108 Ind. 512.

The cases to which appellee calls our attention are cases where the questions sought to be raised had been tried and adjudicated in the replevin action, and, hence, are not in point. But it may be said that the action had not been dismissed by the plaintiff at the time the court below rendered judgment for a return of the property. It can not make any difference whether the action is dismissed by the plaintiff or by the court for want of prosecution, the legal effect is the same.

After the counsel for the plaintiff had withdrawn their appearance, the defendants had the plaintiff called and defaulted. This, we think, was in legal effect a dismissal of the action by the court for want of prosecution. Section 333, R. S. 1881, already cited, and especially the second clause in the section. A dismissal takes the case entirely out of court. *Wiseman* v. *Lynn*, *supra*; *Breese* v. *Allen*, 12 Ind. 426.

Had the defendant asked for a trial upon the issues after plaintiff's counsel withdrew their appearance, instead of having her called and defaulted, the question before us would have been very different.

The circuit court erred in sustaining the demurrer to the answer.

Judgment reversed, with costs.

Filed Oct. 18, 1890.