VULCAN IRON-WORKS *v.* CYCLONE STEAM SNOW-PLOW CO. *et al.*

*(Circuit Court, D. Minnesota, Fourth Division. December 30, 1891.)*

1. REPLEVIN—ACTION ON BOND—VALUATION OF PROPERTY—ESTOPPEL.
    Where the sheriff, in taking a replevin bond under the Illinois statute, adopts the valuation of the property as alleged in the affidavit and writ, both the principal and his sureties are bound thereby, and, in an action on the bond, are estopped to allege a less value.

2. SAME—RECITALS.
    The fact that the bond contains no express recital of value is immaterial, as the statute requires a bond in double the value of the property, and the value must be estimated in order to fix the amount of the obligation.

At Law. Action by the Vulcan Iron-Works against the Cyclone Steam Snow-Plow Company and Commodore P. Jones, upon a replevin bond. Heard on motion for a new trial. Denied.

*Keith, Evans, Thompson & Fairchild,* for plaintiff.

*Hunt & Morrill, Hart & Brewer, John D. Smith,* and *Victor Linley,* for defendants.

NELSON, J. There is a single question only presented for consideration on this motion for a new trial, and that is whether, in an action brought on the replevin bond, the principal and sureties are bound by the value fixed in the affidavit and writ and bond taken by the sheriff under the statute of Illinois before the property could be seized. The weight of authority would seem to decide they are. In some states it is said that in the original suit of replevin, when the value of the property is involved, the plaintiff is not concluded by the value alleged in his affidavit. Cobbey, Repl. § 996, p. 558. However it may be in such a case, I think the Maine and Massachusetts authorities cited with approval by the United States supreme court (*Ice Co.* v. *Webster,* 125 U. S. 426, 8 Sup. Ct. Rep. 947) and the Indiana supreme court (*Wiseman* v. *Lynn,* 39 Ind. 259) lay down the true rule, that they are bound by the value fixed in the writ or bond. Such a rule, if law, is in accordance with justice and reason. The allegation of value in the affidavit of the plaintiff is solemnly made and sworn to. The writ is under its control.

It was placed in the sheriff's hands by its procurement.  The issuance and service was caused by it as the actor, and the sheriff, in every instance, acted for the company.  The bond of the plaintiff and sureties taken by the sheriff, in double the value of the property fixed by the plaintiff, is a judicial admission and a conclusive presumption of law.  See 2 Sedgw. Dam. (7th Ed.) p. 431.  To hold the plaintiff and his sureties bound thereby is a rule of protection for the general good.  The same principle is applied in England.  *Middleton* v. *Bryan*, 3 Maule & S. 155.  The Illinois statute did not require the plaintiff, in his affidavit, to fix a value of the property.  Still he did so.  The sheriff was not compelled to take a bond in double the value alleged by the plaintiff before he executed the writ; yet, in performing his duty under the statute, he appears to have taken the plaintiff's estimate under oath of the value of the property.  To permit the principal and sureties, the defendants in this suit, on their bond, who have solemnly fixed the value, to introduce evidence tending to show that the value of the property was less than they placed it when the sheriff seized it, and to show that the plaintiff in this suit has not been injured by the wrongful taking, and that the property is worthless, would enable the principal and sureties to assume a position now in reference to the property inconsistent with that occupied by them when the writ issued and the bond was taken.  There is no hardship in holding the plaintiff to the value fixed in his writ, and the sureties in this case have no equities greater than the principal.  See *Huggeford* v. *Ford*, 11 Pick. 222; Cobbey, Repl. § 1380, and cases cited.

It is stated by counsel that there are few cases reported upon this question.  Undoubtedly true, for upon a forfeiture of a bond the defenses are limited, and a plea or answer is rarely interposed.  A demurrer to the declaration or complaint is sometimes interposed.  But it is said that there is no recital of value in the bond.  The statute requires that the plaintiff, or some one else on his behalf, shall give to the sheriff, etc., a bond with sufficient security in double the value of the property about to be replevied.  The plaintiff prepares the bond required by the statute, and in order to comply therewith estimates the value, and gives a bond in double the amount thereof.  Such act estops the principal and sureties from denying the truth of the admission.  The point argued is more refined and technical than sound.  I find no error in excluding the testimony, and the motion for a new trial is denied.