No. 1,171.

## ROBINSON *v.* TEETER ET AL.

From the White Circuit Court.

*T. F. Palmer* and *C. C. Spencer*, for appellant.
*E. B. Sellers* and *W. E. Uhl*, for appellees.

REINHARD, J.—This is an action on a replevin bond, commenced before a justice of the peace by the appellant against the appellees. On appeal to the circuit court, there was a trial by the court and a finding and judgment in favor of the appellant for one cent and the costs of suit. The appellant, not being satisfied with the amount of the recovery, filed his motion for a new trial, and the same having been overruled he appeals to this court. The overruling of the motion for a new trial is the only error assigned, and the only question for our determination is whether the evidence is sufficient to support the finding and judgment.

The facts, as disclosed by the record, are without material contradiction. On April 23d, 1893, the appellee John F. Teeter instituted suit before a justice of the peace of Union township, in White county, Indiana, for the recovery of a certain corn planting machine, alleged to be of the value of $40. With his complaint in said action he filed a bond in the penalty of $80, with the appellee, Biederwolf, as surety, which is the bond declared upon in this action. The justice issued his writ of replevin, as also a summons, against the defendant in the action and delivered the same to a constable, who took the property and delivered it to Teeter. On the day fixed for the trial Robinson appeared and filed a plea in abatement, showing that at the time the complaint was filed and the writ issued he (Robinson) was, and still is, a resident of Big Creek township, in White county, Indiana; that the property described in the complaint, and taken from him and delivered to the plaintiff, was not taken and detained in Union township, where the suit was brought and is now pending, but was taken and detained in Big Creek township until taken by the constable upon said writ of replevin; that at the time of the commencement of the suit there was, and ever since has been, a duly qualified acting justice of the peace in said Big Creek township, who is fully competent to try the same.

The justice of the peace, upon issue joined upon said plea and trial, had sustained the same and entered the following order upon his docket:

"May 27th, 1893. Come now the parties to the above action and a trial was had, and after hearing the cause presented according to the law, the court sustains the plea in abatement of defendant and dismissed this action for want of jurisdiction, at cost of plaintiff. It is, therefore, ordered and adjudged by the court that the defendant recover of and from the plaintiff his cost in the above action, and that defendant have return of the property described in the complaint.

"B. F. Ross, J. P."

There was evidence at the trial of the present action tending to show that the appellant was not the owner of the property described in the replevin bond, and that he sustained no special damages by

reason of the writ. We think the finding and judgment for nominal damages only is sustained by the authorities. *Hulman* v. *Benighof*, 125 Ind. 481; *Wiseman* v. *Lynn*, 39 Ind. 250; *Allis* v. *Nanson*, 41 Ind. 154; *Story* v. *O'Dea*, 23 Ind. 326; *Stockwell* v. *Byrne*, 22 Ind. 6.

It needs no argument to support the proposition that if the appellant was not the owner of the property replevied he could recover no damages for a failure to return it, for he can recover no more than compensation for actual loss, and then not exceeding the penalty of the bond. *Kellar* v. *Carr*, 119 Ind. 127.

It is otherwise, of course, where the title to the property has been adjudicated in the replevin suit. The judgment of the justice was not an adjudication of the title, even though it be conceded that the justice had the power to adjudge a return, as upon a dismissal under the statute. R. S. 1894, section 1618 (R. S. 1881, section 1550). The judgment shows upon its face that there could have been no adjudication as to the ownership.

While the bond is not void in such a case, and full compensation may be recovered thereon for actual loss sustained, the fact that the plaintiff was not the owner of the property may be given in evidence in mitigation of damages. *McFadden* v. *Ross*, 108 Ind. 512.

The judgment is affirmed.

Filed Sept. 30, 1894.