LAPP et al. v. RITTER.

(Circuit Court, D. Indiana. June 30, 1898.)

No. 9,568.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS—CONSTRUCTION OF STATE STATUTES.

A decision by the highest court of a state, construing a statute of the state, is as binding upon the federal courts as though the construction so given had been written in the statute by the legislature itself.

2. REPLEVIN—DISMISSAL OF SUIT BY PLAINTIFF—CHARACTER OF JUDGMENT.

Under the Indiana Code of 1881, when a plaintiff in replevin voluntarily dismisses the suit, after obtaining possession of the property, the only judgment that can be entered is for costs, and a return of the property cannot be directed. This, however, does not leave the defendant without a remedy, since the dismissal is a breach of the condition in the replevin bond requiring the plaintiff to prosecute his suit to effect, and defendant may sue on the bond, and recover the value of the property taken from him. Nor in such case is the burden of showing title to the property shifted from the plaintiff in replevin to the defendant, since, in an action on the bond, the latter would be entitled to judgment on introducing the replevin bond and the proceedings in the replevin suit, unless the replevin plaintiff then showed by preponderance of proof that he was the owner or entitled to possession of the property.

This was an action of replevin by Peter Lapp and others against John K. Ritter.

C. B. Templer, Gregory, Silverberg & Lotz, and Gavin, Coffin & Davis, for plaintiffs.

Frank B. Burke, for defendant.

BAKER, District Judge (orally). This is a suit brought by the plaintiffs against the defendant in this court for the recovery of the possession of certain personal property alleged to be wrongfully in the possession of the defendant, and of which the plaintiffs allege they are the owners and entitled to the possession. The complaint in this case is verified, so that it becomes an affidavit, as required by the statute of the state as a condition precedent to the issuance of the writ of replevin. In order to procure the issuance of the writ of replevin, the plaintiffs were required to, and did, file an undertaking as provided by the statute, signed by themselves and a surety. The undertaking required by law and filed in this case contains three conditions or covenants: First, that the plaintiffs shall prosecute their action with diligence and to effect; second, that they shall return the property, if a return be adjudged by the court; and, third, that they will pay all costs and damages that may be awarded against them. The complaint has been put at issue by the filing of an answer, and on the day preceding the day set for trial of the cause the plaintiffs filed in court a written dismissal of the same. The question presented and argued by counsel is as to the form of the judgment upon such dismissal. On behalf of the complainants the contention is that the dismissal should be followed by a judgment simply for the costs. On behalf of the defendant it is contended that there should be, in addition to a judgment for costs, a judgment awarding the return of the property to the defendant.

By section 914 of the Revised Statutes of the United States it is provided, in substance, that in all common-law actions in courts of the United States the pleadings, procedure, and practice shall be conformable, as nearly as may, to the pleadings, procedure, and practice in the courts of the state in which such United States courts are held. It results from this statutory provision that the question as to the judgment which must follow the plaintiffs' dismissal of their cause of action is to be determined by the law of this state. This is a dry question of law, and, whether the court may feel that it operates with harshness or otherwise, it is without any discretion, but is bound to pronounce the law as it finds the law to be. In Wiseman v. Lynn, 39 Ind. 250, the supreme court of this state, reviewing the various provisions of the Civil Code of 1852 relating to the subject of dismissal of causes of action, and other cognate sections, reached the conclusion that, under a proper construction of the statutes of this state, when a suit in replevin was dismissed by the plaintiff the court was without power to award any further judgment than one for costs. This decision was grounded, not upon a review and consideration of the decisions in other jurisdictions for

the purpose of ascertaining what was the true common-law rule in such cases, but was rested exclusively upon the construction of the statutes of this state. It is settled by the decisions of the supreme court of the United States that the construction placed by the highest judicial tribunal of the state upon a statutory or constitutional provision of the state is as binding and conclusive upon the courts of the United States as though the construction so given had been written into the statute by the legislature itself. The statutory provisions found in the Code of 1852 were changed in 1877, and in view of that change a different construction was given by the supreme court of this state; holding, under this statute, that a judgment for the return of the property on the dismissal of a replevin suit was within the power of the court, and was a proper judgment to be entered. But in 1881, when the laws of this state were again codified, the provisions of the act of 1877 touching this subject were dropped out of the statute, and the statutory provisions in regard to the right of dismissal were restored by the act of 1881 to the condition in which they stood under the Code of 1852. In Hulman v. Benighof, 125 Ind. 481, 25 N. E. 549, the supreme court of the state, in considering the question as to the form of judgment that it was lawful for a court of the state to enter on the dismissal of a replevin suit, expressly decided that the only judgment that could be awarded on such dismissal was a judgment for costs.

It is suggested that the court ought not to regard itself bound by the construction placed by the supreme court of this state on the various statutory provisions relating to the subject of dismissal of actions, except in so far as the court might regard such interpretation as equitable and just. The court does not so regard its duty, or so understand the law. The court understands that it is bound to accept any construction whatever placed by the supreme court of the state upon the constitution or laws of the state as the true construction, whatever may be the private views of the court on that subject. But the court does not concede that the disastrous consequences suggested by the learned counsel for the defendant will follow from the action of the court in this case in following the decisions of the supreme court of the state. Each of the three conditions of the bond, as against all the parties to it,—principals and surety,—are independent, and not dependent. The first condition of the bond is that the plaintiffs shall prosecute their suit with diligence, and to effect. This covenant is an independent one, and a dismissal of the suit is a breach of its condition; and for such breach the defendant, in a suit upon the bond, is entitled to recover the full value of the property wrongfully taken from him by the writ of replevin, together with costs and damages for its unlawful caption and detention, unless the plaintiff in replevin proves, in mitigation of damages, title to or interest in the property in suit.

It is further suggested that a dismissal of the suit will give the plaintiffs an unconscionable advantage over the defendant, by shifting the burden of the issue. It is suggested, and correctly, that in a suit in replevin the defendant is not required to show title or ownership of the property, but the burden is on the plaintiff to show his

own title to the property, and, unless he establishes a title in himself, he cannot recover, even though the defendant may have no title whatever. If the dismissal of the suit, and driving the defendant to bring an action on the replevin bond, shift this burden from the plaintiffs to the defendant, a court would hesitate long before permitting the dismissal of a replevin suit. But such is not the law. In a suit upon the replevin bond, brought by the defendant against the plaintiffs and the surety after the dismissal of the replevin suit, the plaintiff in the suit will establish a right to recover, prima facie, the full value of the property taken, by introducing in evidence the complaint and undertaking in replevin, and by showing the dismissal of the suit, and by introducing the writ of replevin, the sheriff's return, and appraisement, showing the seizure of the property, and the appraised value of it; and, if no further evidence is introduced on either side, it would be the duty of the court to instruct the jury peremptorily that the plaintiff was entitled to recover the full appraised value of the property, with interest upon it, and any damages that were shown beyond that, together with costs. The burden still remains on the replevin plaintiffs in a suit on the bond, where they become defendants. In order to defeat a recovery of the full value of the property as returned by the sworn appraisers, the burden is still upon the plaintiffs in a replevin suit (principals and sureties alike) to establish by a preponderance of the evidence that they —or their principals, rather—were the owners of the property, or had some interest in it, at the time they instituted their suit of replevin; and, failing to show that, they would be liable for the full value of the property, the same as though they had been defeated in the replevin suit for a like failure to show title in themselves. So it results that there is no practical prejudice imposed upon the defendant by the dismissal of the suit, except only the question of delay. The burden of the issue is not shifted in any respect whatever. The replevin plaintiffs, in order to reduce the amount of damages to which the replevin defendant would be entitled in a suit upon the replevin undertaking, are still required, by a preponderance of the proof, to show that they were the owners of the property, or were entitled to some interest therein. The only judgment that the court is competent to pronounce on the dismissal that has been filed is a judgment for costs, and such judgment will be awarded.